**BUCHANAN INGERSOLL & ROONEY PC**
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, NJ 07974
Telephone: (973) 273-9800
Facsimile:  (973) 273-9430
Christopher J. Dalton, Esq.

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone: (412) 562-8841
Stanley Yorsz, Esquire
*Attorneys for Defendant*
*Coles Jersey Development Co., LLC.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEXAS EASTERN TRANSMISSION, LP, A limited partnership of the State of Delaware,<br><br>     Plaintiff,<br><br>v.<br><br>0.077 Acres of Land, More or Less, in the City of Jersey City, Hudson County, New Jersey; COLES JERSEY DEVELOPMENT CO., LLC; OGDEN REALTY CO., JANE AND JOHN DOES 1 through 50 (fictitious name defendants); and ABC BUSINESS ENTITIES 1 through 50 (fictitious name defendants),<br><br>     Defendants. | Civil Action No.  2:14-cv-00167-SRC-CLW<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT COLES JERSEY DEVELOPMENT CO., LLC**<br><br>*Document Filed Electronically* |

Defendant Coles Jersey Development Co., LLC ("Defendant" or "Coles Jersey"), of 888 Seventh Ave., 42nd Floor, New York, NY 10019, by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, respectfully submits this Answer and Counterclaims to the Complaint of Plaintiff Texas Eastern Transmission, LP ("Plaintiff" or "Texas Eastern") averring as follows:

### As to "BACKGROUND AND NATURE OF THE ACTION"

1. Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 1 of Plaintiff's Complaint. Therefore, the averments are denied.

2. Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 2 of Plaintiff's Complaint. Therefore, the averments are denied.

3. Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 3 of Plaintiff's Complaint. Therefore, the averments are denied.

4. Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 4 of Plaintiff's Complaint. Therefore, the averments are denied.

5. Admitted in part and denied in part. Coles Jersey admits that the Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity ("Certificate") on May 21, 2012 in Docket No. CP11-56-000. The remaining averments that such Certificate permits the condemnation sought in the Project by Plaintiff are denied.

6.	Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 6 of Plaintiff's Complaint. Therefore, the averments are denied.

### As to "ACQUISITION OF REQUIRED RIGHTS-OF-WAY"

7.	Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 7 of Plaintiff's Complaint. Therefore, the averments are denied.

8.	Coles Jersey admits only that the Natural Gas Act, 15 U.S.C. § 717f(h), authorizes and empowers the holder of a Certificate to exercise the right of eminent domain to acquire the easement on the premises described therein.  Coles Jersey denies that Plaintiff has such right to the portion of the Property designated as Tract HUD-98.2 on Block 6005, Lot 7 (the "Property").

### As to "JURISDICTION AND VENUE"

9.	The allegations in paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, all allegations in Paragraph 9 are denied.

10.	The allegations in paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, all allegations in Paragraph 10 are denied.

### As to "PARTIES"

11.	Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 11 of Plaintiff's Complaint. Therefore, the averments are denied.

12.	Admitted in part and denied in part.  Coles Jersey admits that it is the fee owner of Block 6005, Lot 13.  The remaining averments are denied.  By way of further answer, Coles

Jersey denies that it might "possibly" be the fee owner of the portion of Block 6005, Lot 7 to be condemned, as Coles Jersey is, in fact, the fee owner of such Property.

   13. Admitted in part and denied in part.  Coles Jersey admits that Ogden Realty Co. is the former owner of Block 6005, Lot 13.  The remaining averments are denied.  Coles Jersey denies that Ogden Realty Co. has any claim to compensation for an easement on a portion of Block 6005, Lot 7 by virtue of the Consent Order for Final Judgment Fixing Compensation entered in Docket No. 12-3412-SRC on August 5, 2013.

   14. Denied.

   15. Denied.

### As to "CAUSE OF ACTION"

   16. Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 16 of Plaintiff's Complaint. Therefore, the averments are denied.

   17. Admitted in part and denied in part.  Coles Jersey admits that a Grant of Easement Agreement dated October 5, 2012 in the Hudson County Register of Deeds in Book 8874, Page 698 was granted.  The remaining averments are denied.  Coles Jersey denies that the Grant of Easement Agreement gives Plaintiff any rights to Coles Jersey's Property.

   18. Admitted in part and denied in part.  Coles Jersey admits that an Order of Taking was entered in June 28, 2012 in Docket No. 12-3412-SRC. Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within paragraph 18 of Plaintiff's Complaint.  Therefore, the remaining averments are denied.

19. Admitted in part and denied in part. Coles Jersey admits the counsel for Plaintiff contacted Daniel Gans. The remaining averments are denied. By way of further answer, Coles Jersey denies that Daniel Gans was a representative of Coles Jersey in all matters.

20. Denied. Coles Jersey denies Plaintiff attempted in good faith to reach a voluntary agreement with Coles Jersey to acquire easement rights to the portion of Block 6005, Lot 7 to be condemned.

21. Coles Jersey is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph 21 of Plaintiff's Complaint. Therefore, the averments are denied.

22. Admitted in part and denied in part. Coles Jersey admits that Plaintiff seeks to acquire easement rights to a portion of Tract HUD-98.2 on Block 6005, Lot 7. The remaining averments are denied. Coles Jersey denies there is any uncertainty as to the ownership of the portion of Block 6005, Lot 7 to be condemned, as Coles Jersey is the fee owner of the Property.

23. Admitted in part and denied in part. Coles Jersey admits that Plaintiff has not been able to acquire a grant of easement for Tract HUD-98.2 on Block 6005, Lot 7. The remaining averments are denied. By way of further answer, Plaintiff did not make a formal offer to acquire the grant of easement for the portion of Block 6005, Lot 7 to be condemned prior to filing this action.

24. Denied. By way of further answer, Coles Jersey denies that anyone in the caption has any interest in the portion of Block 6005, Lot 7 to be condemned except for Coles Jersey, the fee owner.

WHEREFORE, Coles Jersey respectfully request that this Court:

a) Deny Plaintiff's request that this Court enter an Order of Taking allowing Texas Eastern to take the permanent easement on the Property;

b) Deny Plaintiff's request that this Court issue a preliminary injunction allowing Texas Eastern to immediately enter the easement on the Property;

c) Deny Plaintiff's request that this Court award Texas Eastern any other relief.

d) Award Coles Jersey costs and disbursements of this action, including reasonable attorney's fees;

e) Set a discovery schedule in preparation of determining whether Plaintiff has the right to exercise eminent domain over the Property.

## AFFIRMATIVE DEFENSES

25. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

26. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, laches and lack of due diligence particularly with respect to its belated identification of Coles Jersey as fee owner of the Property.

27. Plaintiff has failed to engage in bona fide, good faith negotiations regarding the amount of compensation for the Property.

28. Plaintiff has failed to allege any sufficient basis for plenary or preliminary injunctive relief, having failed to set forth rights at law, prevailing equities or countervailing hardships entitling Plaintiff to such relief.

## GENERAL OBJECTIONS AND
## DEFENSES TO CONDEMNATION

29. **Defendant's Property:** Coles Jersey objects to the taking of its Property, specifically designated as Tract HUD-98.2 on Block 6005, Lot 7.

30. **Defendant's Interest:** Coles Jersey is the fee owner of this Property.

31. **Denial of Authority to Condemn:** Coles Jersey denies Plaintiff's authority to condemn the Property.

32. **Plaintiff's Failure to Comply with Mandatory Conditions Precedent:** Plaintiff failed to attempt to acquire the property rights from Coles Jersey by agreement or contract prior to commencing this condemnation proceeding, in violation of 15 U.S.C. § 717f (h). Additionally, Plaintiff failed to enter into bona fide negotiations with Coles Jersey, including a written offer providing the compensation offered to be paid and a reasonable disclosure of the manner in which the amount of such offered compensation has been calculated, as required by N.J.S.A. 20:3-6.

33. **Failure to Establish Compliance with Conditions Stated in the Certificate of Public Convenience and Necessity:** Coles Jersey alleges that the portion of Block 6005, Lot 7 to be condemned is not subject to such condemnation for the reasons that the Property was not included in Plaintiff's original FERC Certificate nor has Plaintiff amended the original FERC Certificate to include that portion of Block 6005, Lot 7.  Plaintiff has failed to comply with conditions imposed by FERC.

## COUNTERCLAIMS OF DEFENDANT COLES JERSEY

Defendant Coles Jersey Development Co., LLC ("Defendant" or "Coles Jersey"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby counterclaims

against the Plaintiff Texas Eastern Transmission, LP ("Plaintiff" or "Texas Eastern") and alleges as follows:

## THE PARTIES

34. Coles Jersey hereby incorporates by reference paragraphs 1 through 33 of the Answer as if fully set forth herein.

35. Coles Jersey is a Delaware Limited Liability Company having its principal offices at 888 Seventh Ave., 42nd Floor, New York, NY 10019.

36. Upon information and belief, Plaintiff is a Delaware limited partnership having its principal offices at 5400 Westheimer Court, Houston, Texas, and having local offices at 150 Warren Street, 2nd Floor, Jersey City, New Jersey 07030.

## JURISDICTION AND VENUE

37. This Court has jurisdiction pursuant to 28 U.S.C. § 1367.

38. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Property that is the subject of the action is situated in this district.

## COUNT I: INVERSE CONDEMNATION

39. The averments contained in paragraphs 1 through 38 above are incorporated herein by reference as if fully set forth herein.

40. Coles Jersey is the fee owner of the portion of Tract HUD-98.2 on Block 6005, Lot 7 (the "Property") located in Jersey City, Hudson County, New Jersey and consisting of approximately 0.077 acres that Plaintiff seeks to condemn.

41. The valuation of said Property owned by Coles Jersey has not yet been formally assessed and calculated.

42. Plaintiff now is, and at all times relevant to this action was, a natural gas company as the term is defined by the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and is purportedly authorized by the Federal Energy Regulatory Commission ("FERC") to construct and operate a natural gas pipeline project known as the New Jersey-New York Expansion Project (the "Project").

43. The Certificate of Public Convenience and Necessity issued by FERC to Plaintiff specifically provided for the condemnation of property in Jersey City, Hudson County, New Jersey described as Tract HUD-98.3 on Block 6005, Lot 13.

44. To complete the installation of the Project, Plaintiff, through its agents and employees, entered Coles Jersey's Property for the purpose of laying pipeline.

45. The specific date construction commenced on Coles Jersey's Property will be ascertained through discovery.

46. Approximately 3,500 sq. ft. (0.077 acres) of Coles Jersey's Property located at Tract HUD-98.2 on Block 6005, Lot 7 has been invaded and subjected to a physical taking by Plaintiffs.

47. Moreover, the value and ability to develop on the Property has been severely reduced.

48. Plaintiff's actions have resulted in a physical taking of Coles Jersey's private Property for public use pursuant to Plaintiff's power of eminent domain in the construction of the New Jersey-New York Expansion Project.

49. Since the date of entry onto Coles Jersey's Property and continuing to the date of the filing of this action, Plaintiff has not paid Coles Jersey any compensation for the taking of the Property, nor has Plaintiff made any formal offers of compensation. Further, the eminent domain

proceeding instituted by Plaintiff in this action is dilatory and not made under a valid FERC Certificate.

WHEREFORE, Coles Jersey respectfully requests:

a) Judgment against Plaintiff for damages in an amount to be proven at trial;

b) Injunctive relief precluding Plaintiff from further actions injurious to Coles Jersey's Property, and requiring that Plaintiff repair the damage caused by its past conduct;

c) Attorney's fees and costs of suit; and

d) Such other and further relief as this Court may deem just and proper.

## COUNT II: TRESPASS TO LAND

50. The averments contained in paragraphs 1 through 49 above are incorporated herein by reference as if fully set forth herein.

51. At all times mentioned herein, Coles Jersey was and still is fee owner of real property located in Jersey City, Hudson County, New Jersey and consisting of approximately 0.077 acres, more particularly described as the portion of Tract HUD-98.2 on Block 6005, Lot 7 sought to be condemned.

52. Plaintiff, without the consent and against the will of Coles Jersey, entered Block 6005, Lot 7 and proceeded to lay pipeline on the Property resulting in its diminished value and use. The specific dates of physical invasion on the Property will be ascertained through discovery.

53. By reason of the act of Plaintiff, Coles Jersey has sustained general and special damages resulting from the severely reduced value of the Property and the restriction on Coles Jersey's ability to develop Block 6005, Lot 7.

54. In doing the acts alleged in this counterclaim, Plaintiff acted maliciously and with a wanton disregard of Coles Jersey's rights, knowing that in fact Plaintiff did not have easement rights to the Property, but nevertheless proceeded in laying pipeline. As a result, Coles Jersey is therefore entitled to punitive damages.

WHEREFORE, Coles Jersey respectfully requests judgment against Plaintiff for damages, together with attorney's fees, and costs of suit, and such other and further relief as the court may deem proper.

Respectfully submitted,

Dated:   February 10, 2014

*s/Christopher J. Dalton*
BUCHANAN INGERSOLL & ROONEY PC
550 Broad Street, Suite 810
Newark, NJ 07974
Telephone: (973) 273-9800
Facsimile:  (973) 273-9430

Stanley Yorsz, Esquire
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone: (412) 562-8841
Fax:  (412) 562-1041

*Attorneys for Defendant*
*Coles Jersey Development Co., LLC*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

The undersigned hereby certifies that to the best of his knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court, or any arbitration or administrative proceeding, nor are there any non-parties known to Defendant that should be joined to this action.

Dated:   February 10, 2014                        Respectfully submitted,

*s/Christopher J. Dalton*
BUCHANAN INGERSOLL & ROONEY PC
50 Broad Street, Suite 810
Newark, NJ 07974
Telephone: (973) 273-9800
Facsimile:  (973) 273-9430
Stanley Yorsz, Esquire
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone: (412) 562-8841
Fax:  (412) 562-1041


*Attorneys for Defendant*
*Coles Jersey Development Co., LLC*

## **LOCAL CIVIL RULE 201.1 CERTIFICATION**

The undersigned hereby certifies that the above-captioned matter is not subject to compulsory arbitration in that injunctive relief is sought.

Dated:   February 10, 2014

Respectfully submitted,

*s/Christopher J. Dalton*
BUCHANAN INGERSOLL & ROONEY PC
50 Broad Street, Suite 810
Newark, NJ 07974
Telephone: (973) 273-9800
Facsimile:  (973) 273-9430
Stanley Yorsz, Esquire
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone: (412) 562-8841
Fax:  (412) 562-1041

*Attorneys for Defendant*
*Coles Jersey Development Co., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2014, I caused a true and correct copy of the foregoing Defendant's Answer and Counterclaims to Plaintiff's Complaint to be filed via the Court's electronic case filing system.  The aforementioned document is now available for viewing and downloading from the ECF system.  By virtue of this filing, service is complete upon the following:

> Jeffrey D. Smith
> Decotiis, Fitzpartrick & Cole, LLP
> Glenpointe Centre West
> 500 Frank W. Burr Blvd.
> Teaneck, New Jersey 07666
>
> *Attorney for Plaintiff*
> *Texas Eastern Transmission, LP*

*s/Christopher J. Dalton*
Christopher J. Dalton, Esquire