**BUCHANAN INGERSOLL & ROONEY PC**
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, NJ 07974
Telephone: (973) 273-9800
Facsimile:  (973) 273-9430
Christopher J. Dalton, Esq.

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone: (412) 562-8841
Stanley Yorsz, Esquire
*Attorneys for Defendant*
*Coles Jersey Development Co., LLC.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEXAS EASTERN TRANSMISSION, LP, A limited partnership of the State of Delaware,<br><br>        Plaintiff,<br><br>v.<br><br>0.077 Acres of Land, More or Less, in the City of Jersey City, Hudson County, New Jersey; COLES JERSEY DEVELOPMENT CO., LLC; OGDEN REALTY CO., JANE AND JOHN DOES 1 through 50 (fictitious name defendants); and ABC BUSINESS ENTITIES 1 through 50 (fictitious name defendants),<br><br>        Defendants. | Civil Action No.  2:14-cv-00167-SRC-CLW<br><br>**COLES JERSEY DEVELOPMENT CO., LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF TAKING AND MOTION FOR AN ORDER FOR PRELIMINARY INJUNCTION**<br><br>*Document Filed Electronically* |

## TABLE OF CONTENTS

Table of Citations ..................................................................................................................ii

Preliminary Statement ...........................................................................................................1

Argument

      I.     PLAINTIFF IS NOT ENTITLED TO AN ORDER OF TAKING.

           A.  FACTUAL ISSUES EXIST REGARDING WHETHER PLAINTIFF
               HAS THE RIGHT TO CONDEMN A PORTION OF LOT 7…………………2

           B.  PLAINTIFF HAS FAILED TO NEGOTIATE WITH COLES
               JERSEY TO DETERMINE COMPENSATION................................................4

      II.    PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF .....................................6

Conclusion .............................................................................................................................8

# TABLE OF CITATIONS

Statutes and Rules:

N.J.S.A. 20:3-6..............................................................................................................1, 5, 6

15 U.S.C.A. § 717f(h) ...............................................................................................1, 2, 3, 5


Cases:

*Kos Pharm., Inc. v. Andrx Corp.*,
369 F.3d 700 (3d Cir. 200)...............................................................................................7

*Morris Cnty. v. Weiner*,
537 A.2d 752 (N.J. Super. Ct. App. Div. 1988)..............................................................6

*State by Com'r of Transp. v. Carroll*,
587 A.2d 260 (N.J. 1991).................................................................................................5

*Tennessee Gas Pipeline Co. v. 0.018 Acres of Land in the Twp. of Vernon,
Sussex Cnty., New Jersey*,
2010 WL 3883260 (D.N.J. Sept. 28, 2010) .....................................................................7

*Tennessee Gas Pipeline Co. v. Massachusetts Bay Transp. Auth.*,
2 F. Supp. 2d 106 (D. Mass. 1998) .................................................................................3

*Tennessee Gas Pipeline, L.L.C. v. 1.693 Acres of Land in Twp. of Mahwah*,
2013 WL 244821 (D.N.J. Jan. 22, 2013)......................................................................3, 7

**PRELIMINARY STATEMENT**

Defendant Coles Jersey Development Co., LLC ("Defendant" or "Coles Jersey") respectfully submits this brief in opposition to Plaintiff's Motion for an Order of Taking and Motion for Preliminary Injunction. In this condemnation action, Plaintiff Texas Eastern Transmission, LP ("Plaintiff" or "Texas Eastern") improperly seeks to condemn private property owned by Coles Jersey. Coles Jersey is the fee owner of Tract HUD-98.2 (Block 6005, Lot 7) (the "Property" or "Lot 7"), located in Jersey City, Hudson County, New Jersey that is the subject of this action. Plaintiff essentially asserts the right to condemn a portion of Lot 7, although the Certificate of Public Convenience and Necessity ("Certificate") issued by the Federal Energy Regulatory Commission ("FERC"), does not, upon information and belief, include this Property. Additionally, Plaintiff did not satisfy its obligation under both federal and state law to first negotiate with Coles Jersey for easement rights prior to instituting a condemnation action. *See* 15 U.S.C.A. § 717f(h); N.J.S.A. 20:3-6. Without agreement or a court order, Plaintiff subjected Coles Jersey to a taking of its Property, and now its effort to condemn this portion of Lot 7 comes too late.

There are factual questions as to whether Plaintiff's attempt to condemn a portion of Lot 7 is proper. Upon information and belief, this Property is not within the corridors of the FERC Certificate. Plaintiff lacked (and still lacks) the right to exercise eminent domain over this Property, but nevertheless proceeded to lay pipeline on the Property in furtherance of the natural gas pipeline project known as the New Jersey-New York Expansion Project (the "Project"). Plaintiff did so without first negotiating with fee owner Coles Jersey for easement rights, without a court order, and without amending the FERC Certificate to include the Property.

1

Based on Plaintiff's actions, Coles Jersey's property rights in Lot 7 have suffered substantial destruction of both value and use, and Coles Jersey has not been justly compensated. Plaintiff's request for immediate possession of the easement should be denied in order to prevent further harm to the Property.

The main question before this Court is whether Plaintiff had or has the power to condemn a portion of Tract HUD-98.2 on Block 6005, Lot 7, which Coles Jersey owns in fee. Ultimately, time for discovery is requested and required to determine whether Plaintiff has the right to condemn the Property. If the FERC Certificate does not give Plaintiff the right of eminent domain because the pipeline was placed outside of the FERC Certificate's corridor, then Plaintiff is a trespasser and can be found liable in tort for damages, including punitive damages. Even if it is found that Plaintiff placed the pipeline within the FERC Certificate's corridor, Plaintiff should have filed its complaint before it exercised control of the Property. Plaintiff's possession of the Property for the last number of months makes Plaintiff liable in an inverse condemnation action.

### **PLAINTIFF IS NOT ENTITLED TO AN ORDER OF TAKING**

Coles Jersey opposes Plaintiff's Motion for an Order of Taking because (1) there is a factual question as to whether the FERC Certification issued to Plaintiff properly includes the portion of Lot 7 upon which the pipeline is placed, and (2) Texas Eastern has failed to enter into negotiations with Coles Jersey for easement rights to the portion of Lot 7 to be condemned prior instituting this action.

**A.    FACTUAL ISSUES EXIST REGARDING WHETHER PLAINTIFF HAS THE RIGHT TO CONDEMN A PORTION OF LOT 7.**

Under the Natural Gas Act, 15 U.S.C.A. § 717f(h), a natural gas company is entitled to an Order of Taking or Condemnation when (1) it holds a FERC Certificate authorizing the construction of the pipeline, (2) the natural gas company has been unable to agree with the owner

2

of the property on the amount of compensation to be paid, and (3) the amount claimed by the owner of the property to be condemned exceeds $3,000. *Tennessee Gas Pipeline, L.L.C. v. 1.693 Acres of Land in Twp. of Mahwah*, 2:12-CV-07921 WJM, 2013 WL 244821 (D.N.J. Jan. 22, 2013) (citing 15 U.S.C.A. § 717f(h)). The District Court's sole charge and authority is to evaluate the scope of the FERC Certificate and order the condemnation of property in accordance with that scope. *1.693 Acres of Land in Twp. of Mahwah*, 2013 WL 244821, at *2 (citing *Tennessee Gas Pipeline Co. v. Massachusetts Bay Transp. Auth.*, 2 F. Supp. 2d 106, 110 (D. Mass. 1998)).

Plaintiff alleges that it is entitled to an Order of Taking because it holds a FERC Certificate authorizing the construction of the Project. *Brief*, p. 8. Coles Jersey challenges this contention as there is a factual question as to whether the portion of Lot 7 to be condemned is within the corridor certificated by Plaintiff's FERC Certificate. Upon information and belief, this Property is not within the corridor of the FERC Certificate. On May 21, 2012, Plaintiff was issued a FERC Certificate to construct and operate the New Jersey-New York Expansion Project. Under the Natural Gas Act, Plaintiff was authorized and empowered, as the holder of a Certificate, to exercise the right of eminent domain to acquire the easement on the premises described *therein*. Specifically provided for in the Certificate was the right to exercise eminent domain to acquire an easement on the property described as Tract HUD-98.3 (Block 6005, Lot 13) ("Lot 13"). To the best of Coles Jersey's information and belief, the portion of Lot 7 to be condemned was not included in the Certificate.

On or about October 5, 2012, Plaintiff mistakenly condemned the wrong entity, New Jersey Transit Corporation, in an effort to obtain easement rights to 0.077 acres of Lot 7 necessary to complete the Project. As provided in the attached Affidavit of Daniel Gans, in or

3

about March 2013, Hoboken Brownstone Company ("Hoboken Brownstone"), which originally signed a purchase and sales agreement with Ogden Realty Co. ("Ogden Realty") for the purchase of certain property located in Jersey City, New Jersey, including the Property that is subject of this condemnation action, was contacted by Plaintiff's local contractor, Spectra Energy, regarding the ownership of the portion of Lot 7 to be condemned — specifically, that it had not been included in the FERC Certificate. In an effort to obtain easement rights to that portion of Lot 7, Plaintiff executed a Grant of Easement Agreement with New Jersey Transit Corporation on October 12, 2012. Ultimately, Plaintiff condemned the wrong entity, as New Jersey Transit Corporation was not the fee owner of that portion of Lot 7. Plaintiff discovered that, in fact, Ogden Realty not only owned Lot 13, but also owned the portion of Lot 7 to be condemned. *Brief*, p. 5. Although Plaintiff alleges that the compensation paid to Ogden Realty for the easement rights to Lot 13 was increased and made to include Lot 7, this contention is not reflected in the easement rights granted for Lot 13 or in the FERC Certificate.

The reality is that Coles Jersey is the fee owner of the portion of Lot 7 to be condemned, to which Plaintiff never acquired easement rights and which, upon information and belief, is not included in Plaintiff's FERC Certificate. Therefore, this Court must evaluate Plaintiff's FERC Certificate to determine whether the Property is included to allow for its condemnation. Until this determination is made, Plaintiff's Motion for an Order of Taking should be denied.

    **B.    PLAINTIFF HAS FAILED TO NEGOTIATE WITH COLES JERSEY TO DETERMINE COMPENSATION.**

Although Plaintiff contends it undertook good faith efforts to acquire easement rights to the portion of Tract HUD 98.2 (Block 6005, Lot 7) to be condemned, Plaintiff's argument is misplaced. Any reference to previous negotiations made to New Jersey Transit Corporations or additional payment of $255,000 relating to a separate settlement agreement with Ogden Realty is

inappropriate. The law obligates Plaintiff to negotiate with *the owner of property*, and here the owner of the portion of Lot 7 to be condemned is Coles Jersey.

The Natural Gas Act provides:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree **with the owner of property to the compensation** to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C.A. § 717f(h) (emphasis added).

Under New Jersey's Eminent Domain Act,

> [N]o action to condemn shall be instituted unless the condemnor is unable to acquire such title or possession through **bona fide negotiations with the prospective condemnee**, which negotiations shall include an offer in writing by the condemnor to the prospective condemnee holding the title of record to the property being condemned, setting forth the property and interest therein to be acquired, the compensation offered to be paid and a reasonable disclosure of the manner in which the amount of such offered compensation has been calculated, and such other matters as may be required by the rules.

N.J.S.A. 20:3-6 (emphasis added).

The Supreme Court of New Jersey has held that the failure of the condemnor to conduct these requisite bona fide negotiations with the condemnee prior to instituting a condemnation proceeding results in the dismissal of the complaint. *State by Com'r of Transp. v. Carroll*, 587 A.2d 260 (N.J. 1991) (stating the adequacy of appraisal information must permit the property owners to engage in informed and intelligent negotiations). This obligation imposed to engage

5

in good faith negotiations by N.J.S.A. 20:3-6 requires more than merely furnishing the condemnee a copy of an appraisal or making an offer and stating a time for acceptance or rejection. *Morris Cnty. v. Weiner*, 537 A.2d 752, 755 (N.J. Super. Ct. App. Div. 1988).

Here, Plaintiff failed to enter into bona fide negotiations with Coles Jersey, including making a written offer providing the compensation to be paid and a reasonable disclosure of the manner in which the amount of such offered compensation has been calculated, as required by N.J.S.A. 20:3-6. Any assertion by Plaintiff that its negotiations with the mistaken property owner, New Jersey Transit Corporation, or the former property owner, Ogden Realty, satisfied this obligation is improper. *Brief*, p. 13-14. Further, reference to the Release signed by Daniel Gans, in his capacity of Chief Executive Officer of Hoboken Brownstone, on behalf of said company, releasing Ogden Realty and Texas Eastern from all causes of action and claims relating to real property including but not limited to Block 6005, Lots 7 and 13 is irrelevant to this action. Hoboken Brownstone had no interest in Lot 7, therefore executing the above Release on July 3, 2013 had no effect on Coles Jersey and its ability to seek compensation.

Simply put, Plaintiff has failed to satisfy its obligation to enter into good faith negotiations with Coles Jersey prior to instituting an action for condemnation, and therefore its Motion for an Order of Taking should be denied.

## PLAINTIFF IS NOT ENTITLED TO AN ORDER FOR PRELIMINARY INJUNCTION.

Plaintiff argues that this Court should grant its Motion for Preliminary Injunction to permit Plaintiff to immediately possess an easement on the Property by alleging that it "faces immediate threat of irreparable harm if it is not allowed to enter the Property, and FERC has determined the construction of the NJ-NY Project is in the public interest." *Brief*, p. 10-11. But

6

Plaintiff has failed to establish that the portion of Lot 7 to be condemned is within the scope of its FERC Certificate.

It is well established a preliminary injunction is an "extraordinary remedy and should be granted only in limited circumstances." *Tennessee Gas Pipeline Co. v. 0.018 acre Acres of Land in the Twp. of Vernon, Sussex Cnty., New Jersey*, CIV.A. 10-4465 JLL, 2010 WL 3883260, *2 (D.N.J. Sept. 28, 2010) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A court may grant a preliminary injunction only if a party shows: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Id.* A party seeking a preliminary injunction must produce sufficient evidence of all four factors for the requested injunctive relief to be awarded. *Id.* As this Court has previously stated, "Once a district court determines that the NGA — via a FERC Certificate — confers a property interest on a gas company, the court may use its equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." *1.693 Acres of Land in Twp. of Mahwah*, 2013 WL 244821, at *2.

Contrary to Plaintiff's contention that all four requirements for a preliminary injunction are met, there is clearly a question of fact regarding whether the FERC Certificate includes the portion of Lot 7 to be condemned, an issue that ultimately goes to Plaintiff's likelihood of success in this case. As recognized by this Court, the FERC Certificate must confer a property interest on the gas company. *Id.* Before granting a preliminary injunction, this Court must first determine whether the FERC Certificate confers on Plaintiff a property interest in the Property. Further, Plaintiff's failure to engage in bona fide negotiations with Coles Jersey to determine just compensation for the Property calls into question its argument of irreparable harm and its

entitlement to immediate possession of the portion of Lot 7 to be condemned.  Plaintiff has no basis for taking the Property and no substantive right to immediate possession.  In any event, Plaintiff has shown no necessity for obtaining the rights now, particularly since the pipeline is already in the ground.  Because a preliminary injunction is an extraordinary remedy granted only in limited circumstances and because Plaintiff has failed to carry its burden, this Court should deny its Motion for Preliminary Injunction.

## Conclusion

For the reasons set forth above, this Court should deny Plaintiff's Motion for an Order of Taking and Motion for Preliminary Injunction.

Respectfully submitted,

Dated:   February 10, 2014

*s/Christopher J. Dalton*
BUCHANAN INGERSOLL & ROONEY PC
550 Broad Street, Suite 810
Newark, NJ 07974
Telephone: (973) 273-9800
Facsimile:  (973) 273-9430

Stanley Yorsz, Esquire
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone: (412) 562-8841
Fax:  (412) 562-1041

*Attorneys for Defendant*
*Coles Jersey Development Co., LLC*