UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**DECOTIIS, FITZPATRICK & COLE, LLP**
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
(201) 928-1100
Email: jsmith@decotiislaw.com
*Attorneys for Plaintiff Texas Eastern Transmission, LP*

| | |
|---|---|
| TEXAS EASTERN TRANSMISSION, LP, a limited partnership of the State of Delaware<br><br>    Plaintiff,<br><br>v.<br><br>0.077 Acres Of Land, More or Less, In The City of Jersey City, Hudson County, New Jersey; COLES JERSEY DEVELOPMENT CO., LLC; OGDEN REALTY CO.; JANE AND JOHN DOES 1 through 50 (fictitious name defendants); and ABC BUSINESS ENTITIES 1 through 50 (fictitious name defendants),<br><br>    Defendants. | Civil Action No. 14-167-SRC-CLW<br><br><br><br>**CONSENT ORDER OF TAKING AND FOR POSSESSION OF EASEMENT** |

**THIS MATTER** having been initiated by DeCotiis, FitzPatrick & Cole, LLP, attorneys for plaintiff Texas Eastern Transmission, LP ("Texas Eastern") through the filing of a Verified Complaint and Order to Show Cause along with an Order of Taking and Motion for Immediate Possession, to acquire and enter upon property owned by defendant Coles Jersey Development Co., LLC ("Coles Jersey"), Buchanan, Ingersoll & Rooney, P.C. by Stanley Yorz, Esq., and Christopher Dalton, Esq. counsel for Coles Jersey, appearing; the parties having agreed to enter into this Consent Order for Taking and for Possession; and good cause having been shown;

It is on this _____ day of _____, 2014,

**ORDERED AND ADJUDGED** as follows:

1.  Texas Eastern is authorized to and has duly exercised its power of eminent domain in this action;

2.  Texas Eastern is entitled to relief under the equitable powers of this Court and shall receive immediate possession of the permanent easement condemned herein;

3.  Texas Eastern, upon payment of the estimated compensation of Two Hundred Fifty Five Thousand ($255,000.00) Dollars into the Registry of this Court as directed in paragraph 4 below, shall be entitled to possession and control of the properties identified in the Verified Complaint;

4.  a.  Texas Eastern shall deposit the sum of Two Hundred Fifty Five Thousand ($255,000.00) Dollars with the Clerk into the Registry of this Court and then, as soon as the business of his office allows, the Clerk shall deposit these funds into the interest-bearing Court Registry Investment System (C.R.I.S.) administered by the Clerk of the United States District Court for the District of New Jersey as Custodian, pursuant to L.Civ.R.67.1(a)(2);

    b.  That the sum of money so invested in the interest-bearing C.R.I.S. fund shall remain on deposit until further order of this Court at which time the funds, together with interest thereon, shall be retrieved by the Clerk and re-deposited into the non-interest-bearing Registry of the Court for disposition pursuant to the further order of the Court;

    c.  That the Custodian deduct a miscellaneous schedule fee for the handling of registry funds, as authorized by the Judicial Conference of the United States and the Standing Order of this Court dated June 30, 1989, as amended November 30,

1990, of 10% of the income earned on this account and each subsequent deposit of new principal so deposited while invested in the C.R.I.S.;

    d.    That a certified copy of this Order shall be personally served, by the plaintiff's attorneys, upon the Clerk of this Court, the Chief Deputy Clerk, or upon the Chief Financial Deputy Clerk;

5.    Texas Eastern, upon securing a bond in the aforesaid amount, or upon payment of the aforesaid amount into the Registry of the Court, shall be entitled to receive a certified copy of this Order from the Clerk of the Federal District Court, District of New Jersey, which certified copy may then be recorded in a Deed Book at the offices of the Clerk of Hudson County as plenary evidence and record notice of plaintiffs right to have, hold, use, occupy, possess, and enjoy the permanent easement as shown on Exhibit "A", a copy of which is annexed hereto for the purposes of laying, constructing, operating, maintaining, repairing, altering, replacing, and removing, from time to time, above- and below-grade valves, tie-overs, meters, regulators, cathodic protection and other appurtenant facilities for the transportation of natural gas or other substances which can be transported through a pipeline; Texas Eastern shall have all other rights and benefits that are necessary or appropriate for the full enjoyment of the easements together with full right of ingress and egress;

6.    That defendants, and any and all persons in possession or control of the property described in the Verified Complaint herein, shall surrender possession and control of the new permanent right-of-way and easement, as shown on Exhibit "A", to the plaintiff, effective immediately upon plaintiff's deposit of the estimated compensation into the aforesaid Registry of the Court; and

7.  A copy of this Order shall be served upon all remaining parties to this action

within seven (7) days from the date hereof.

Stanley R. Chesler, U.S.D.J.

We hereby consent to the entry of this Order.

**DeCOTIIS, FITZPATRICK & COLE, LLP**

Attorneys for Plaintiff, Texas Eastern
Transmission, L.P.

Jeffrey D. Smith, Esq.

**BUCHANAN, INGERSOLL &
ROONEY, PC**

Attorneys for Defendant
Coles Jersey Development Co., LLC

Christopher Dalton, Esq.

## EXHIBIT A



Page 1 of 2

TEXAS EASTERN TRANSMISSION, LP
AREA OF PERMANENT EASEMENT
TAX MAP 60 BLOCK 6005 LOT 13
CITY OF JERSEY CITY, HUDSON COUNTY
NEW JERSEY

A permanent easement of varying width, in over and across the lands of COLES JERSEY DEVELOPMENT CO., LLC, designated as Tax Map 60 Block 6005 Lot 13 (formerly known as Tax Map 3.03 Block 367 Lot A2) on tax maps for the City of Jersey City, Hudson County, New Jersey, and more particularly described in Deed Book 8922 Page 716 as recorded in the Hudson County Registry.  Said permanent easement as it pertains to the locus parcel herein is more particularly bounded as follows:

COMMENCING at a point of intersection of the apparent easterly right-of-way line of Monmouth Street being also the westerly boundary of land now or formerly of New Jersey Transit designated as Tax Map 60 Block 6005 Lot 3 with the City of Jersey City, with the baseline of a 30" gas pipeline as constructed, thence;

| | |
|---|---|
| S 06°03'36" W | by and along said land of New Jersey Transit and the apparent easterly sideline of Monmouth Street a distance of fifty-three and ninety-six hundredths feet (53.96') more or less, to said land of the Grantor being COLES JERSEY DEVELOPMENT CO., LLC and the POINT OF BEGINNING (said point having UTM Zone 18 North NAD83 US Survey Feet Coordinates of North 14,795,655.10 and East 1,904,341.00), thence; |
| Northeasterly | by and along land of the Grantor and said land of New Jersey Transit, on a curve to the right with a radius of six hundred sixty-four feet (664.00') an arc length of one hundred forty-three and seventy-three hundredths feet (143.73'), and a chord of which bears N33°26'32"E a length of one hundred forty-three and forty-five hundredths feet (143.45') more or less to a point, thence; |
| S 39°27'43" E | by and along land of the Grantor, said land of New Jersey Transit, and other land now or formerly of New Jersey Transit designated as Tax Map 60 Block 6005 Lot 7 with the City of Jersey City, a distance of twenty-one and eighty-eight hundredths feet (21.88') more or less to a point, thence; |
| Northeasterly | by and along land of the Grantor and said land of New Jersey Transit, on a curve to the right with a radius of six hundred thirty-five and eighty-five hundredths feet (635.85') an arc length of sixty-nine and thirty-five hundredths feet (69.35'), and a chord of which bears N40°14'05"E a length of sixty-nine and thirty-two hundredths feet (69.32'), more or less to a point (said point having UTM Zone 18 North NAD83 US Survey Feet Coordinates of North 14,795,810.82 and East 1,904,478.73), thence; |
| S 87°58'51" E | passing through land of the Grantor a distance of four and thirty-five hundredths feet (4.35') more or less to a point on the westerly extent of an existing easement of TEXAS EASTERN TRANSMISSION, LP per an Order of Taking in Civil Action No. 12-3412, thence; |
| S 43°15'29" W | continuing through land of the Grantor, by and along said existing permanent easement of TEXAS EASTERN TRANSMISSION, LP a distance of nine and twenty-three hundredths feet (9.23') more or less to a point, thence; |

1/9/2014 7:26:38 AM
TRACT_HUD-98.3_AB-ESMT.docx

Page 2 of 2

| | |
|---|---|
| S 39°55'56" W | continuing through land of the Grantor, by and along said existing permanent easement of TEXAS EASTERN TRANSMISSION, LP a distance of thirty-seven and thirty-seven hundredths feet (37.37') more or less to a point, thence; |
| S 36°26'10" W | continuing through land of the Grantor, by and along said existing permanent easement of TEXAS EASTERN TRANSMISSION, LP a distance of thirty-nine and thirty-eight hundredths feet (39.38') more or less to a point, thence; |
| S 40°09'31" W | passing through land of the Grantor a distance of one hundred forty and eleven hundredths feet (140.11') more or less to a point, thence; |
| N 06°03'36" E | by and along land of the Grantor and the apparent easterly sideline of Monmouth Street a distance of eighteen and sixty-seven hundredths feet (18.67') more or less, to the POINT OF BEGINNING. |

The above described permanent easement contains 3,350 square feet or 0.077 acres more or less, and describes only the area of additional permanent, as shown on EXHIBIT A prepared by SGC Engineering, LLC entitled: "PERMANENT EASEMENT EXHIBIT, TRACT NO. HUD-98.3, OWNER: COLES JERSEY DEVELOPMENT CO., LLC, HUDSON COUNTY, NJ", dated: January 8th 2014, unrecorded but made a part of this easement deed.

Also conveying any rights, title, and interest the Grantor may have within the bounds of Monmouth Street to extend the above described easement across and along said roads.

The intent of this deed is to describe and convey a contiguous permanent easement of varying width, in as much the Grantor has rights from the easterly sideline of Monmouth Street and said lands now or formerly of NEW JERSEY TRANSIT, to an existing permanent easement of TEXAS EASTERN TRANSMISSION, LP. Easement limits propagate by, along, and through the land of the Grantor, to the extent as shown on EXHIBIT A or as a subsequent boundary survey may determine.

Bearings and distances are based on UTM Zone 18 North, NAD 83, US Survey Feet. Distances shown are grid distances; apply appropriate scale factor to convert to ground distances.