# Exhibit H

## CLOSING REPORT

This set contains documents delivered in connection with the acquisition on July 3, 2013 by Coles Jersey Development Co., LLC, a New Jersey limited liability company ("Coles Jersey"), from Ogden Realty Co., a New Jersey partnership ("Ogden"), of certain real estate located in Jersey City, Hudson County, New Jersey. The real estate is more particularly described in the Deed referred to below.

There was no purchase and sale agreement with respect to the sale and conveyance. A Purchase and Sale Agreement dated April 12, 2013 had previously been entered into between Ogden and Hoboken Brownstone Company (an affiliate of Coles Jersey); then Hoboken Brownstone Company assigned such Agreement to an unaffiliated entity, and the Agreement was thereafter terminated by Ogden as a result of an alleged breach by such other entity of its obligation to close title by the date required. The relevant parties entered into a Settlement Agreement and Mutual Release dated July 3, 2013, which is referred to below.

### Index of Documents

Deed

Affidavit of Title

Settlement Statement (HUD-1)

Title Insurance Commitment (marked-up)

Settlement Agreement and Mutual Release

Resolution of Ogden Authorizing Transaction

Down Date Certificate

Certification of Non-Foreign Status

Affidavit of Consideration for Use by Seller

Affidavit of Consideration for Use by Buyer

Seller's Residency Certification/Exemption

Assignment of Licenses, Permits, Contracts and other Intangible Property

Bulk Sale Tax Escrow Agreement

Discharge of Mortgage

Warrant to Release Real Property From Judgment Lien

Power of Attorney

1



Survey Affidavit

Release as to Condemnation Settlement Amount

IRS Form 1099

Assignment and Limited Liability Company Agreement of Coles Jersey

Certificate of Formation of Coles Jersey (filed)

Prepared by: _____
ROBERT J. MACHI

## DEED

This Deed is made on July 2, 2013,

BETWEEN          OGDEN REALTY CO., A NEW JERSEY PARTNERSHIP,

whose address is 611 U.S. Highway 46 West, Hasbrouck Heights, NJ 07604, referred to as the Grantor,

AND              COLES JERSEY DEVELOPMENT CO., LLC a New Jersey Limited Liability Company

whose post office address is c/o Hoboken Brownstone Company, 161 14th Street, Hoboken, NJ 07030, referred to as the Grantee.

The word "Grantor and Grantee" shall mean all Grantors and Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of **TWENTY-TWO MILLION AND 00/100 ($22,000,000.00) DOLLARS.** The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-2.1) City of Jersey City, County of Hudson, Block No. 6003, Lot Nos. 2, 3 and 4; Block No. 6004, Lot Nos. 1 and 2; and Block No. 6005, Lot No. 13 and 7.

**Property.** The property consists of the land and all the buildings and structures on the land in the City of Jersey City, County of Hudson and State of New Jersey. The legal description is:

SEE DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

SUBJECT to such state of facts as would be disclosed by an accurate survey, and further subject to easements, zoning requirements and other restrictions of record, if any.

**BEING THE SAME PREMISES** conveyed by Deed from New Jersey Economic Development Authority to Ogden Realty Co., a New Jersey Partnership, dated October 29, 1987, and recorded November 9, 1987 in the Hudson County Clerk/Register's Office in Deed Book 3829, Page 180, and by Deed from Ogden Realty Corp., dated February 9, 1977, recorded March 4, 1977, in Deed Book 3224, Page 526.

{00852170}

The Street address of the property is 311 Seventeenth Street, Jersey City, NJ (as to Lot 1, Block 6004); 289 Coles Street, Jersey City, NJ (as to Lot 2, Block 6004); 258-282 Sixteenth Street, Jersey City, NJ (as to Lot 4, Block 6003); 296 Coles Street, Jersey City, NJ (as to Lot 2, Block 6003); 298 Coles Street, Jersey City, NJ (as to Lot 3, Block 6003); and 305 Coles Street, Jersey City, NJ (as to Lots 13 and 7, Block 6005).

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "Covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page. If the Grantor is a corporation, this Deed is signed and attested to by its proper corporate officers and its corporate seal is affixed. (Print name below each signature).

Witnessed by:

_____
ROBERT J. MACHI

_____
DONNA WALSH, PARTNER
OGDEN REALTY CO, A NEW
JERSEY PARTNERSHIP

_____
ROBERT J. MACHI

_____
PATRICIA WISNIEWSKI, PARTNER
OGDEN REALTY CO., A NEW
JERSEY PARTNERSHIP

STATE OF NEW JERSEY, COUNTY OF ESSEX: SS.:

      I CERTIFY that on July 3 , 2013,

**Donna Walsh and Patricia Wisniewski,** personally came before me and stated to my satisfaction that this person (or if more than one, each person):

    (a)    was the maker of this Deed;
    (b)    executed this Deed as duly authorized by the Partnership;
    (c)    made this Deed for **$22,000,000.00** as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration defined in N.J.S.A. 46:15-5.)

_____
ROBERT J. MACHI
ATTORNEY AT LAW OF NEW JERSEY

{00852170}

## TITLE INSURANCE COMMITMENT
### *Issued by* Trans-County Title Agency
#### AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

Commitment Number: TC-72266-1

### SCHEDULE C
### LEGAL DESCRIPTION

ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Jersey City, in the County of Hudson, State of New Jersey:

·TRACT I:

BEGINNING at the point of intersection formed by the Northerly line of 16th Street (60 foot ROW) and the
Westerly line of Coles Street (60 foot ROW) and running; thence

1. Along the Northerly line of 16th Street, North 83 degrees 43 minutes 58 seconds West, a distance of 400.00 feet to a point in the Easterly line of Monmouth Street; (60 foot ROW); thence

2. Running along the Easterly line of Monmouth Street, North 06 degrees 21 minutes 02 seconds East, a distance of 200.00 feet to a point in the Southerly line of 17th Street; thence

3. Running along the Southerly line of 17th Street, South 83 degrees 43 minutes 58 seconds East, a distance of 400.00 feet to a point in the Westerly line of Coles Street; thence

4. Running along the Westerly line of Coles Street, South 06 degrees 21 minutes 02 seconds West, a distance of 200.00 feet to the Northerly line of 16th Street, being the point and place of BEGINNING.

THE above description was drawn in accordance with a survey prepared by Dresdner, Robin (Donald E. Walby, P.L.S., dated October 4, 2005, revised through November 3, 2006.

For Information Only:
Also known as Lot(s) 1 and 2, Block 6004 on the City of Jersey City Tax Map.

TRACT II:

BEGINNING at the point of intersection formed by the Northerly line of 17th Street (60 foot ROW) and the Westerly line of Coles Street (60 foot ROW) and running; thence

1. Along the Northerly line of 17th Street, North 83 degrees 43 minutes 58 seconds West, a distance of 400.00 feet to a point in the Easterly line of Monmouth Street; (60 foot ROW); thence

2. Running along the Easterly line of Monmouth Street, North 06 degrees 21 minutes 02 seconds East, a distance of 46.00 feet to a point; thence

3. Continuing along the Easterly line of Monmouth Street in a Northeasterly direction along a curve to the right having a radius of 664.00 feet, a distance of 140.91 feet to a point; thence

### TITLE INSURANCE COMMITMENT
*Issued by* Trans-County Title Agency
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

4. South 25 degrees 17 minutes 19 seconds East, a distance of 26.56 feet to a point; thence

5. Continuing along the Easterly line of Monmouth Street in a Northeasterly direction along a curve to the right having a radius of 630.00 feet, an arc distance of 103.96 feet to a point in the former centerline of 18th Street; thence

6. Running along the former centerline of 18th Street, South 83 degrees 43 minutes 58 seconds East, a distance of 257.56 feet to a point in the Westerly line of Coles Street; thence

7. Running along the Westerly line of Coles Street, South 06 degrees 21 minutes 02 seconds West, a distance of 230.00 feet to the point and place of BEGINNING.

THE above description was drawn in accordance with a survey made by Dresdner, Robin (Donald F. Walby, P.L.S.) dated October 4, 2005 and revised through November 3, 2006.

For Information Only:
Also known as Lot(s) 13, Block 6005 on the City of Jersey City Tax Map.

TRACT III:    and 7

BEGINNING at the point of intersection formed by the Northerly line of 16th Street (60 foot ROW) and the Westerly line of Jersey Avenue (80 foot ROW) and running; thence

1. Along the Northerly line of 16th Street, North 83 degrees 43 minutes 58 seconds West, a distance of 300.00 feet to a point; thence

2. North 06 degrees 21 minutes 02 seconds East, a distance of 125.00 feet to a point; thence

3. North 83 degrees 43 minutes 58 seconds West, a distance of 100.00 feet to a point in the Easterly line of Coles Street; (60 foot ROW); thence

4. Running along the Easterly line of Coles Street, North 06 degrees 21 minutes 02 seconds East, a distance of 75.00 feet to a point in the Southerly line of 17th Street (60 foot ROW); thence

5. Running along the Southerly line of 17th Street, South 83 degrees 43 minutes 58 seconds East, a distance of 400.00 feet to a point in the Westerly line of Jersey Avenue; thence

6. Running along the Westerly line of Jersey Avenue South 06 degrees 21 minutes 02 seconds West, a distance of 200.00 feet to the point and place of BEGINNING.

THE above description was drawn in accordance with a survey made by Dresdner, Robin (Donald E. Walby, P.L.S.) dated October 4, 2005 and revised through November 3, 2006.

For Information Only:

## TITLE INSURANCE COMMITMENT
*Issued by* Trans-County Title Agency.
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

Also known as Lot(s) 2, 3 and 4, Block 6003 on the City of Jersey City Tax Map.

Note for Information Only:     *and 7,*
Also known as Lot(s) 2, 3, 4; 1, 2; 13, Block 6003; 6004; 6005 in the City of Jersey City, in the County of Hudson, also known as Coles St./16th St./17th St..

NJRB 3-07
Effective 2/15/07

| | |
|---|---|
| **DEED**<br><br>OGDEN REALTY CO., A NEW JERSEY PARTNERSHIP<br><br>TO<br><br>COLES JERSEY DEVELOPMENT CO., LLC, a New Jersey Limited Liability Company | Dated: July 3, 2013<br><br>Record and return to:<br><br>Kevin T. O'Brien, Esq.<br>Norris, McLaughlin, & Marcus, P.A.<br>721 Route 202-206, Suite 200<br>P.O. Box 5933<br>Bridgewater, NJ 08807 |

{00852170}

# AFFIDAVIT OF TITLE

STATE OF NEW JERSEY
COUNTY OF BERGEN          SS.:

Donna Walsh and Patricia Wisniewski, says under oath:

1.   Partners.   Each of us is a partner of Ogden Realty Co., A New Jersey Partnership.   The partnership will be called the "partnership" and sometimes simply "it" or "its".   The partnership has offices located at 611 U.S. Highway 46 West, Hasbrouck Heights, New Jersey 07604.

Each of us is fully familiar with the business of the partnership, a citizen of the United States and at least 18 years old.

2.   Representations.   These statements are true to the best of our knowledge, information and belief.

3.   Partnership Authority.   The partnership is the only owner of real property located at the following addresses and tax lot and block designations:

   a.  311 Seventeenth Street, Jersey City, NJ (Lot 1, Block 6004);
   b.  289 Coles Street, Jersey City, NJ (Lot 2, Block 6004);
   c.  258-282 Sixteenth Street, Jersey City, NJ (Lot 4, Block 6003);
   d.  296 Coles Street, Jersey City, NJ (Lot 2, Block 6003);
   e.  298 Coles Street, Jersey City, NJ (Lot 3, Block 6003); and
   f.  305 Coles Street, Jersey City, NJ (Lots 13 and 7, Block 6005).

This property is to be sold by the partnership to Coles Jersey Development, LLC, a New Jersey Limited Liability Company.

This action, and the making of this affidavit of title, have been duly authorized by the partnership.   The partnership agreement of the partnership is the partnership agreement dated May _____, 2000 between the Donna Walsh and Patricia Wisniewski, a copy of which is attached hereto. It is in full force and effect and has not been modified. It supersedes and replaces the partnership agreement of the partnership dated February 2, 1977 among Francis Walsh, Sr., Frances Walsh, Francis Walsh, Jr. and Norbert Walsh. Francis Walsh, Sr. and Francis Walsh are deceased, and their interests in the partnership passed to Francis Walsh, Jr., Norbert Walsh, and Patricia (Walsh) Wisniewski.   The interest of Norbert Walsh was extinguished pursuant to two orders entered by the Superior Court of New Jersey, Hudson County, in proceedings captioned Wisniewski v. Walsh and Walsh v. Walsh (consolidated under docket number C-13-96):   the Order Implementing Court's Rulings Regarding Phase I Issues filed March 2, 2000, and the Corrected Amended and Second Amended Final Judgment Entered As Of February 14,

{00852560}

2002 filed April 25, 2000. Frank Walsh, Jr. transferred his interest in the partnership to Donna Walsh, his wife. Accordingly, Patricia Wisniewski and Donna Walsh comprise all the partners in the partnership. The partnership is legally authorized to transact business in New Jersey, it is not restrained from doing business nor has any legal action been taken for that purpose. It has never changed its name or used any other name, except for Ogden Realty Company. Except as described above in this paragraph, there have been no changes to the partnership, and there has been no withdrawal, bankruptcy, death, insolvency, or incompetency of any partner. The partnership has not been dissolved. The partnership is an existing partnership.

4. Ownership and Possession. It has owned this property since October 29, 1987 for Block 6003, Lots 2, 3 and 4; Block 6004, Lot 2; and Block 6005, Lots 13 and 7, and since February 9, 1977 for Block 6004, Lot 1. No one has questioned its right to possession or ownership. The partnership has sole possession of this property. There are no tenants or other occupants of this property. Except for its agreement with the Buyers, it has not signed any contracts to sell this property that remain in effect. It has not given anyone else any rights concerning the purchase or lease of this property.

5. Improvements. No additions, alterations or improvements are now in progress or have been made to this property since four (4) months past. It has always obtained all necessary permits and certificates of occupancy. All charges for municipal improvements such as sewers, sidewalks, curbs or similar improvements benefiting this property have been paid in full. No building, addition, extension or alteration on this property has been made or worked on within the past four months. The partnership is not aware that anyone has filed or intends to file a mechanic's lien or building contract relating to this property. No one has notified it that money is due and owing for construction or repair work on this property.

6. Liens or Encumbrances. Except as noted below, it has not allowed any interests (legal rights) to be created which affect its ownership or use of this property. Except as noted below, no other persons have legal rights in this property, except the rights of utility companies to use this property along the road or for the purpose of servicing this property, the possible right, title and interest of the State of New Jersey, in fee, in and to so much of the premises in question as is now, or was formerly affected by the ebb and flow of the tide, and except as further set forth in the title commitment issued by Trans-County Title Agency, dated March 15, 2013 Commitment No. TC-72266. Other than as set forth below, the partnership does not have any pending lawsuits or judgments against it or other legal obligations which may be enforced against this property. It does not owe any disability, unemployment, social security, municipal or alcoholic beverage tax payments. No bankruptcy or insolvency proceedings have been named by or against it, nor has it ever been declared bankrupt. No one has any security interest in any personal property or

{00852560}

fixtures on this property. The Judgment attached to this Affidavit, Judgment No. J-274995-2010, is against this deponent, and a Discharge or Release of Part of Mortgage Premises has been issued by the judgment creditor releasing this Judgment as a lien against the subject premises. All other judgments, if any, on the attached judgment or lien search are not against the partnership, but against others with similar names.

7. Exceptions. The following is a complete list of exceptions to any of the above statements. This includes all liens or mortgages which are not being paid as a result of this transaction.

Texas Eastern Transmission, LP, a limited partnership of the State of Delware, pursuant to an Order of the United States District Court for the District of New Jersey, dated June 28, 2012, in Civil Action Number 12-3412, entitled Texas Eastern Transmission, LP, a limited partnership of the State of Delware v. Ogden Realty Co., et. al, exercised eminent domain powers to condemn a permanent easement and a temporary easement on, over and under Block 6005, Lot 13. A copy of the Order is attached hereto.

Further excepting a portion of the operations of American Self Storage MGMT Assoc., LLC (the "Company") that encroaches upon 305 Coles Street (Block 6005, Lots 13 and 7), and that, upon 30 to 60 days' notice, the Company will vacate the area of encroachment.

To the best of Seller's knowledge and belief, there has not been, nor notice of, any condemnation proceeding regarding Lot 7, Block 6005 from either Consolidated Rail Corporation or New Jersey Transit. However, in 2005, the NJDOT filed a condemnation Complaint for that area. In 2007, it abandoned that application, withdrawing the Complaint and taking back the condemnation deposit.

8. Reliance. The partnership makes this affidavit in order to induce the Buyer(s) or the Lender to accept its deed or mortgage. It is aware that the Buyer(s) or the Lender will rely on the statements made in this affidavit and on its truthfulness.

DONNA WALSH          PARTNER

PATRICIA WISNIEWSKI  PARTNER

Signed and sworn to before me on
this 3rd day of July, 2013

ROBERT J. MACHI, ESQ.
ATTORNEY AT LAW, STATE OF NJ

{00852560}

JAN-12-2007  09:25        NATIONAL RETAIL SYST                    1201 770 9451    P.03

## OGDEN REALTY COMPANY

## PARTNERSHIP AGREEMENT

This Restated Agreement of Partnership is made this     day of May, 2000, by, between and among Donna Walsh and Patricia Wisniewski.

1.      NAME OF PARTNERSHIP.  The partnership is known as Ogden Realty Company.

2.      PRINCIPAL OFFICE.  The principal office of the partnership is 2820 16th Street, North Bergen, NJ.  The principal place of doing business may be from time to time relocated anywhere within the United States.

3,      DURATION AND PURPOSE.  This agreement shall commence on the date hereof and shall continue in perpetuity, unless terminated or dissolved under a provision of this Agreement, by the mutual consent of all partners, by operation of law or the order of a court.  The purpose of the partnership shall be to conduct any business allowed by law, including, but not limited to,  acquiring holding, managing, operating, developing, selling and leasing real property.

4.      CONTRIBUTION.  The parties have each contributed an amount of funds to the partnership that is consistent with their percentage interests in the partnership.

4.1 An individual capital account shall be maintained for each Partner.  The capital account of each Partner shall consist of his or her original capital contribution, increased by (a) additional capital contributions made by him or her, (b) his or her share of Partnership profits, and decreased by (i)

distributions of such profits and capital to him or her, and (ii) his or her share of Partnership losses.

4.2 Except as specifically provided in this Agreement, or as otherwise provided by and in accordance with law to the extent such law is not inconsistent with this Agreement, no Partner shall have the right to withdraw or reduce his or her contributions to the capital of the Partnership.

4.3 The percentages of Partnership Rights and Partnership Interest of each of the Partners shall be as follows:

| | |
|---|---|
| Donna Walsh | 70% |
| Patricia Wisniewski | 30% |

4.4 Except as provided elsewhere in this Agreement or as otherwise may be required by the Internal Revenue Code, the determination of each Partner's distributive share of all items of income, gain, loss, deduction, credit or allowance of the Partnership for any period or year shall be made in accordance with, and in proportion to, such Partner's percentage of Partnership Interest as it may then exist.

5.      INTEREST ON CONTRIBUTIONS.  There shall be no interest paid on the contributions made to the partnership capital by either party.

6.      EXPENSES.  All of the expenses incurred in the operation of the business by the partners and their employees shall be the liability of the

partnership, and all expenses shall be paid by the partnership as and when they come due.

7.    DUTIES OF PARTNERS.  The partners shall all have responsibility for all employee practices and policies and all office policies.   Except as may be limited by any court order, the partners shall perform their professional duties and responsibilities to all clients at all times to the best of their abilities.

8.    POWERS OF PARTNERS.  The majority of the partners by percentage of interest in the partnership (or their designees) shall have full power and authority to execute any and/or all documents on behalf of and in the name of the partnership, which documents shall be binding upon the partnership, including, but not limited to: bills of sale, notes, financing statements, deeds, mortgages, assignments and other purchases or conveyances of real or personal property acquired by or belonging to the partnership.

9.    RECORDS AND BOOKS.  A complete and accurate set of account books shall be maintained by accounting personnel for the partnership. Each partner shall be responsible to report all receipts and expenditures to the accountant. The books shall be open at all times for the inspection of the partners. The fiscal year shall be from January 1 to December 31 of each year.

10.    Legal Title to Partnership Property.  Legal title to the property of the Partnership shall be held in the name of the Partnership.

11.    Banking. All revenue of the Partnership shall be deposited regularly in the Partnership savings and checking accounts at such bank or banks as shall be selected by the Partners.

12.   Notices.  Any and all notices, offers, acceptances, requests, certifications and consents provided for in this Agreement shall be in writing and shall be given and be deemed to have been given when personally delivered against a signed receipt or mailed by registered or certified mail, return receipt requested, to the last address which the addressee has given to the Partnership.

13.   Governing Law.  It is the intent of the parties hereto that all questions with respect to the construction of this Agreement and the rights, duties, obligations and liabilities of the parties shall be determined in accordance with the applicable provisions of the laws of the State of New Jersey.

14. Miscellaneous Provisions.

14.1. This Agreement shall be binding upon, and inure to the benefit of, all parties hereto, their personal and legal representatives, guardians, successors, and their assigns to the extent, but only to the extent, that assignment is provided for in accordance with, and permitted by, the provisions of this Agreement.

14.2. Nothing herein contained shall be construed to limit in any manner the Partners, or their respective agents, servants, and employees, in carrying on their own respective businesses or activities.

14.3. Throughout this Agreement, where such meanings would be appropriate: (a) the masculine gender shall be deemed to include the feminine and the neuter and vice-versa, and (b) the singular shall be deemed to include

JAN-12-2007  09:27      NATIONAL RETAIL SYST          1201 770 9451    P.12

the plural, and vice-versa. The headings herein are inserted only as a matter of convenience and reference, and in no way define, limit or describe the scope of this Agreement, or the intent of any provisions thereof.

14.4. This Agreement sets forth all (and are intended by all parties hereto to be an integration of all) of the promises, agreements, conditions, understandings, warranties and representations, oral or written, express or implied, among them other than as set forth herein.

IN WITNESS WHEREOF, the parties have executed this agreement the day and year first above written.

_____          _____
Donna Walsh                       Patricia Wisniewski

RN13-100-02890        RE: TC-72266                                1
846-0600-21

SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-274995-2010          CASE NUMBER: C   000171  95
DATE ENTERED: 10/26/10      DATE SIGNED: 10/16/10
TYPE OF ACTION: CONTRACT
VENUE: HUDSON
                                          DEBT: $ 33,024,704.41

CREDITOR(S):
      NORBERT J WALSH
            ATTORNEY: SILLS CUMMIS & GROSS PC
DEBTOR(S):
      NATIONAL RETAIL SYSTEMS INC
         (No Address)
      RAYMOND WISNIEWSKI
         (No Address)
      DONNA WALSH ,EXECUTOR,INDIVIDUALLY
         (No Address)
      FRANCIS J WALSH JR ,ESTATE OF
         (No Address)
      PATRICIA WISNIEWSKI
         (No Address)
      10100 SANDMEYER LANE LLC
         (No Address)
      BRADLEY'S EXPRESS INC
         (No Address)
      CINNAMINSON TERMINAL LLC
         (No Address)
      COAST TO COAST LLC
         (No Address)
      COAST TO COAST MANPOWER LLC
         (No Address)
      COAST TO COAST MANPOWER INC
         (No Address)
      COMBINED PLAN INC
         (No Address)
      EQUITY TRANSPORTATION INC
         (No Address)
      FNP CORPORATION
         (No Address)
      GLOBAL TRANSPORTATION INC
         (No Address)
      GROUND TRANSPORTATION SERVICE INC
         (No Address)
      MASS FREIGHT MOVERS INC
         (No Address)
      MYSTIC ISLAND TRANSPORT INC
         (No Address)
      NELSON DIST CORP
         (No Address)
      STORE SERVICES INC
         (No Address)
      UNITED LEASE FUNDING
         (No Address)
      WALSH TRUCKING CO INC
         (No Address)
      WORLD LOGISTICS INC
         (No Address)
      NATIONAL RETAIL CONSOLIDATORS

Charles Jones

RN13-100-02890        RE: TC-72266                                    2
846-0600-21

    (No Address)
  NATIONAL RETAIL TRANSPORTATION
    (No Address)
  NATIONAL RETAIL TRUCKING
    (No Address)
  PRECISION WERKS
    (No Address)
  KEYSTONE FREIGHT CORP
    (No Address)
  OGDEN REALTY COMPANY
    (No Address)
  OGDEN REALTY CO II
    (No Address)
  GROUND TRANSPORTATION INC
    (No Address)
  WALFAM PROPERTY ASSOCIATES LLC
    (No Address)
  PDR INC
    (No Address)
  NJW LEASING INC
    (No Address)
  TRUCKING WITH BRADLEES INC
    (No Address)
  CONTRACT MOVERS INC
    (No Address)
  WALFAM REALTY CORPORATION
    (No Address)
  20 AQUARIUM DRIVE LLC
    (No Address)
  SAVANNAH TERMINAL PROPERTY LLC
    (No Address)
  2820 16TH STREET REALTY ASSOCIATES LLC
    (No Address)
PLUS INTEREST & COSTS
        ----------------
    PRECISION WORKS ADDED TO OUR INDEX.
    2820 16TH STREET ADDED TO OUR INDEX.
        *** End of Abstract ***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DECOTIIS, FITZPATRICK & COLE, LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
(201) 928-1100
Email: jsmith@decotiislaw.com
*Attorneys for Plaintiff Texas Eastern Transmission, LP*

| | |
|---|---|
| TEXAS EASTERN TRANSMISSION, LP, a limited partnership of the State of Delaware<br><br>           Plaintiff,<br><br>v.<br><br>1.73 Acres Of Land, More or Less, In The City Of Jersey City, Hudson County, New Jersey; OGDEN REALTY CO., fee owner; LANCE LUCARELLI; NORBERT J. WALSH, mortgagee; JANE AND JOHN DOES 1 through 50  (fictitious name defendants); and ABC BUSINESS ENTITIES 1 through 50 (fictitious name defendants),<br><br>           Defendants. | Civil Action No. _____<br><br>12 - 3412<br><br>ORDER OF TAKING |

This matter having been opened to the Court by DeCotiis, Fitzpatrick & Cole, LLP,

attorneys for the plaintiff, Texas Eastern Transmission, LP ("Texas Eastern"), on the return of

the Order to Show Cause entered by the Court on *Jun 28*, 2012, on plaintiff's application

for an Order determining that plaintiff is duly vested with and has duly exercised its authority to

acquire the property right (easements) being condemned in this cause, authorizing Texas Eastern

to either secure a bond in the amount of the estimated compensation or deposit the amount of the

estimated compensation into the Court's registry pursuant to L. Civ. R. 67.1(a), and determining

that Texas Eastern, upon securing a bond in the amount of the estimated compensation or

payment of the estimated compensation into Court, be given immediate possession of the

property rights condemned;

And the Court, having considered the papers filed and the argument of counsel who

appeared, and it appearing that plaintiff is entitled, under the Natural Gas Act, 15 U.S.C. §

717f(h), and under the provisions of a Certificate of Convenience and Public Necessity issued by

the Federal Energy Regulatory Commission on May 21, 2012 (in FERC Docket No. CP11-56-

000) to maintain this condemnation action;

It is on this ___2-8___ day of ___Jun___, 2012,

ORDERED AND ADJUDGED as follows:

1.    Texas Eastern is authorized to and has duly exercised its power of eminent

domain in this action;

2.    Texas Eastern is entitled to relief under the equitable powers of this Court and

shall receive immediate possession of the permanent and temporary easements

condemned herein;

3.    Texas Eastern, upon securing a bond for the estimated compensation of

$_2,110,000_, or, in the alternative, payment of the estimated compensation of

$_2,110,000_ into the Registry of this Court as directed in paragraph 4

below, shall be entitled to possession and control of the properties identified in the

Verified Complaint;

4.    a.    Texas Eastern shall secure a bond for the estimated compensation of

$_2,110,000_, or, in the alternative, shall deposit the sum of $_2,110,000_

with the Clerk into the Registry of this Court and then, as soon as the business of

his office allows, the Clerk shall deposit these funds into the interest-bearing

Case 2:14-cv-00167-SRC-CLW   Document 45-12   Filed 09/24/18   Page 22 of 83 PageID: 519

Case 2:12-cv-03412-SRC-CLW   Document 10   Filed 06/28/12   Page 3 of 6 PageID: 164
Case 2:12-cv-03412-SRC-MAS   Document 1-7   Filed 06/06/12   Page 3 of 6 PageID: 132

Court Registry Investment System (C.R.I.S.) administered by the Clerk of the United States District Court for the District of New Jersey as Custodian, pursuant to L.Civ.R.67.1(a)(2);

b.   That the sum of money so invested in the interest-bearing C.R.I.S. fund shall remain on deposit until further order of this Court at which time the funds, together with interest thereon, shall be retrieved by the Clerk and re-deposited into the non-interest-bearing Registry of the Court for disposition pursuant to the further order of the Court;

c.   That the Custodian deduct a miscellaneous schedule fee for the handling of registry funds, as authorized by the Judicial Conference of the United States and the Standing Order of this Court dated June 30, 1989, as amended November 30, 1990, of 10% of the income earned on this account and each subsequent deposit of new principal so deposited while invested in the C.R.I.S.;

d.   That a certified copy of this Order shall be personally served, by the plaintiff's attorneys, upon the Clerk of this Court, the Chief Deputy Clerk, or upon the Chief Financial Deputy Clerk;

5.   Texas Eastern, upon securing a bond in the aforesaid amount, or upon payment of the aforesaid amount into the Registry of the Court, shall be entitled to receive a certified copy of this Order from the Clerk of the Federal District Court, District of New Jersey, which certified copy may then be recorded in a Deed Book at the offices of the Clerk of Hudson County as plenary evidence and record notice of plaintiffs right to have, hold, use, occupy, possess, and enjoy both the permanent easement and the temporary construction easements as shown on Exhibit "A", a copy of which is annexed hereto for the purposes of laying, constructing,

operating, maintaining, repairing, altering, replacing, and removing, from time to time, a natural gas pipeline, above- and below-grade valves, tie-overs, meters, regulators, cathodic protection and other appurtenant facilities for the transportation of natural gas or other substances which can be transported through a pipeline; Texas Eastern shall have all other rights and benefits that are necessary or appropriate for the full enjoyment of the easements together with full right of ingress and egress;

6.     That defendants, and any and all persons in possession or control of the property described in the Verified Complaint herein, shall surrender possession and control of the new permanent right-of-way and easement, as shown on Exhibit "A", to the plaintiff, effective immediately upon plaintiff's deposit of the estimated compensation into the aforesaid Registry of the Court; and

7.     That plaintiff's attorneys shall serve a copy of this Order of Taking upon defendant owner, by regular mail addressed to its attorneys, within ___3___ days of the entry of this Order.

_____ , U.S.D.J.

TEXAS EASTERN TRANSMISSION, LP, a limited partnership of the State of
Delaware,

Plaintiff,

v.

1.73 Acres Of Land, More or Less, In The City Of Jersey City, Hudson County,
New Jersey; OGDEN REALTY CO., fee owner; LANCE LUCARELLI;
NORBERT J. WALSH, mortgagee; JANE AND JOHN DOES 1 through 50
(fictitions name defendants); and ABC BUSINESS ENTITIES 1 through 50
(fictitious name defendants),

# Exhibit A

# To Order of Taking

# Drawing

HUDSON COUNTY, NEW JERSEY
CITY OF JERSEY CITY
TRACT HUD-98.3

NOTE:
Actual location of the New Permanent Easement is to be determined by the centerline of the Texas Eastern pipeline as installed. Property lines depicted hereon were compiled from existing assessor records, other plans of record and evidence of occupation and do not represent the results of a boundary retracement survey.

NEW PERMANENT EASEMENT = 14,850.1 SQ. FT. = 0.34 AC.

TEMPORARY WORKSPACE = 7,894.8 SQ. FT. = 0.18 AC.

ADDITIONAL TEMPORARY WORKSPACE = 52,753.3 SQ. FT. = 1.21 AC.

| TITLE: | OGDEN REALTY CO. | Spectra Energy. |
| | CITY OF JERSEY CITY, NEW JERSEY | |
| LOC.: | HUDSON COUNTY, NEW JERSEY | REV. 4 | Texas Eastern Transmission, LP |
| CKD. BY | G.I.E. | ENG. | DATE 04/09/2012 | W.O. | 076115751 | |
| DRN. BY | G.I.E. | SCALE NTS | DWG. NO. | LD-P-9085 | |

# A. Settlement Statement (HUD-1)

OMB Approval No. 2502-0265

| B. Type of Loan | | | |
|---|---|---|---|
| 1. ☒ FHA  2.☐ RHS  3.☐ Conv. Unins | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
| 4.☐ VA   5.☐ Conv. Ins | TC-72266 | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| Coles Jersey Development Co., LLC | Ogden Realty Co. | |

| G. Property Location: | H. Settlement Agent: | TIN: |
|---|---|---|
| 16th Street/17th Street Jersey City, NJ | Trans County Title Agency, LL 1340-A Campus Parkway Wall, NJ 07753 | Phone: (732) 431-3134 |
| Bl 6003: L 2,3,4/Bl 6004 L 1,2 | Place of Settlement: | I. Settlement Date: 7/3/2013 |
| Bl 6005: L 13, 7 | | Funding Date: 7/3/2013 |

| J. Summary of Borrower's Transaction | | | K. Summary of Seller's Transaction | | |
|---|---|---|---|---|---|
| 100. Gross Amount Due From Borrower | | | 400. Gross Amount Due To Seller | | |
| 101. Contract sales price | 22,000,000.00 | | 401. Contract sales price | | 22,000,000.00 |
| 102. Personal property | | | 402. Personal property | | |
| 103. Settlement charges to borrower (line 1400) | 786,705.00 | | 403. | | |
| 104. | | | 404. | | |
| 105. | | | 405. | | |
| Adjustments for items paid by seller in advance | | | Adjustments for items paid by seller in advance | | |
| 106. City/town taxes: | | | 406. City/town taxes: | | |
| to | | | to | | |
| 107. County taxes: | | | 407. County taxes: | | |
| to | | | to | | |
| 108. Assessments: | | | 408. Assessments: | | |
| to | | | to | | |
| 109. | | | 409. | | |
| 110. | | | 410. | | |
| 111. | | | 411. | | |
| 112. | | | 412. | | |
| 120. Gross Amount Due From Borrower | 22,786,705.00 | | 420. Gross Amount Due To Seller | | 22,000,000.00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | | 500. Reductions In Amount Due To Seller | | |
| 201. Deposit or earnest money | | | 501. Excess deposit (see instructions) | | |
| 202. Principal amount of new loan(s) | | | 502. Settlement charges to seller (line 1400) | | 20,026,600.00 |
| 203. Existing loan(s) taken subject to | | | 503. Existing loan(s) taken subject to | | |
| 204. | | | 504. Payoff of first mortgage loan | | |
| 205. | | | 505. Payoff of second mortgage loan | | |
| 206. | | | 506. | | |
| 207. | | | 507. Bulk Sales Escrow | | 1,973,400.00 |
| 208. | | | 508. | | |
| 209. | | | 509. | | |
| Adjustments for items unpaid by seller | | | Adjustments for items unpaid by seller | | |
| 210. City/town taxes: | | | 510. City/town taxes: | | |
| to | | | to | | |
| 211. County taxes: | | | 511. County taxes: | | |
| to | | | to | | |
| 212. Assessments: | | | 512. Assessments: | | |
| to | | | to | | |
| 213. | | | 513. | | |
| 214. | | | 514. | | |
| 215. | | | 515. | | |
| 216. | | | 516. | | |
| 217. | | | 517. | | |
| 218. | | | 518. | | |
| 219. | | | 519. | | |
| 220. Total Paid By/For Borrower | | | 520. Total Reduction Amount Due Seller | | 22,000,000.00 |
| 300. Cash At Settlement From/To Borrower | | | 600. Cash At Settlement To/From Seller | | |
| 301. Gross Amount due from borrower (line 120) | 22,786,705.00 | | 601. Gross amount due to seller (line 420) | | 22,000,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | | | 602. Less reductions in amount due seller (line 520) | | 22,000,000.00 |
| 303. Cash ☒ From  ☐ To Borrower | 22,786,705.00 | | 603. Cash ☒ To  ☐ From Seller | | 0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

© 2009-2012 Easy Soft. Previous editions are obsolete.          Page 1 of 3          HUD-1

| L. Settlement Charges | File Number: TC-72266 | Loan Number: | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|
| 700. Total Real Estate Broker Fees | | | | | |
| Division of Commission (line 700) as follows: | | | | | |
| 701. $ | to | | | | |
| 702. $ | to | | | | |
| 703. Commission paid at settlement | | | | | |
| 704. Commission to James H. Hanson Comm RE Svs | | | | 440,000.00 | |
| 800. Items Payable In Connection With Loan | | | | | |
| 801. Our origination charge | | $ | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | | $ | (from GFE #2) | | |
| 803. Your adjusted origination charges | | | (from GFE.A) | | |
| 804. Appraisal fee to | | | (from GFE #3) | | |
| 805. Credit report to | | | (from GFE #3) | | |
| 806. Tax service to | | | (from GFE #3) | | |
| 807. Flood certification | | | (from GFE #3) | | |
| 808. | | | | | |
| 809. | | | | | |
| 810. | | | | | |
| 811. | | | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | | | |
| 901. Daily interest charges from 7/3/2013 to 8/1/2013 @ $ /day | | | (from GFE #10) | | |
| 902. Mortgage insurance premium for 0 months to | | | (from GFE #3) | | |
| 903. Homeowner's insurance for 0 years to | | | (from GFE #11) | | |
| 904. 2nd Quarter/2013 taxes to EOC | | | | | |
| 905. | | | | | |
| 1000. Reserves Deposited With Lender | | | | | |
| 1001. Initial deposit for your escrow account | | | (from GFE #9) | | |
| 1002. Homeowner's insurance | months $ | per mo | $ | | |
| 1003. Mortgage insurance | months $ | per mo | $ | | |
| 1004. Property taxes | months $ | per mo | $ | | |
| 1005. | months $ | per mo | $ | | |
| 1006. | months $ | per mo | $ | | |
| 1007. Aggregate Adjustment | | | $0.00 | | |
| 1100. Title Charges | | | | | |
| 1101. Title services and lender's title insurance Trans County Title Agency, LLC | | | (from GFE #4) | 125.00 | |
| 1102. Settlement or closing fee | | | | | |
| 1103. Owner's title insurance Trans County Title Agency, LLC | | | (from GFE #5) | 46,980.00 | |
| 1104. Lender's title insurance Trans County Title Agency, LLC | | | | | |
| 1105. Lender's title policy limit | | $ | | | |
| 1106. Owner's title policy limit | | $22,000,000.00 | | | |
| 1107. Agent's portion of the total insurance premium | | $36,844.00 | | | |
| 1108. Underwriter's portion of the total insurance premium | | $9,211.00 | | | |
| 1109. | | | | | |
| 1110. | | | | | |
| 1111. | | | | | |
| 1200. Government Recording and Transfer Charges | | | | | |
| 1201. Government recording charges | | | (from GFE #7) | 500.00 | |
| 1202. Deed $ | Mortgage $ | | Release $ | | |
| 1203. Transfer taxes | | | (from GFE #8) | | |
| 1204. City/County tax/stamps: Deed $ | | Mortgage $ | | | |
| 1205. State tax/stamps: Deed $263,675.00 | | Mortgage $ | | | 263,675.00 |
| 1206. Estimated Recording | | | $500.00 | | |
| 1207. | | | $ | | |
| 1300. Additional Settlement Charges | | | | | |
| 1301. Required services that you can shop for | | | (from GFE #6) | | |
| 1302. | | | | | |
| 1303. | | | | | |
| 1304. to CH Acquisitions 2, LLC | | | | 300,000.00 | |
| 1305. | | | | | |
| 1306. Attorneys Fees to Morgaan Melhuish Abrutyn | | | | | 10,000.00 |
| 1307. Judgment Lien J-2749950-10 to Cole, Schotz, et al. Trust | | | | | 14,455,967.01 |
| 1308. Federal Taxes to Ogden | | | | | 5,296,957.99 |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | | 786,705.00 | 20,026,600.00 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Daniel ___ ans_        _[signature]_

Coles Jersey Development Co., LLC    Buyer/Borrower      Ogden Realty Co.            Seller

_____      Buyer/Borrower                                           Seller

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

                                    7/3/2013

Trans County Title Agency, LL      Settlement Agent      Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment.

© 2008-2012 Easy Soft. Previous editions are obsolete.                    Page 2 of 3                                     HUD-1

 **TC-72266 Ogden Realty**
Cynthia Ward {cward@tridentabstract.com}  to: ktobrien          07/03/2013 09:20 AM
Please respond to cward

1 attachment


AT159068201307030091906998.pdf

amended HUD  buyers side only

Cynthia M. Ward
Trident Abstract Title Agency, LLC
Monmouth Shores
Corporate Park
1340-A Campus Parkway
Wall, NJ 07753
Phone: (732)
431-3134
Fax : (732) 431-8408

Accu-Title Tracking # AT1590932013070309193699B

## TITLE INSURANCE COMMITMENT
*Issued by* **Trans-County Title Agency**
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

Commitment Number: TC-72266-1

### TITLE INSURANCE COMMITMENT
### SCHEDULE A

Prepared for:  Norris McLaughlin & Marcus, P.A.Kevin T. O'Brien, Esquire

1. Effective Date: ~~March 13, 2013~~  *JULY 3, 2013*

2. Policy (or Policies) to be issued:

    a. Owner's Policy: (ALTA Owner's Policy – 6/17/06)    Policy Amount: $22,000,000.00
       Proposed Insured: Coles Jersey Development Co., LLC    *INSURED*

                          *INSURED*

    b. Loan Policy:                             Policy Amount:
       Proposed Insured:

    c. Loan Policy:                             Policy Amount:
       Proposed Insured:

3. Fee Simple interest in the land described in this Commitment is owned, at the Commitment Date, by:

    ~~Ogden Realty Co., a New Jersey Partnership by Deed from New Jersey Economic Development Authority, dated October 29, 1987, recorded November 9, 1987 in the Hudson County Clerk/Register's Office in Deed Book 3829 Page 180 and by Deed from Ogden Realty Corp., dated February 9, 1977, recorded March 4, 1977 in Deed Book 3224 Page 526.~~

    *COLES JERSEY DEVELOPMENT CO., LLC*

4. The Land referred to in this Commitment is described as follows:

### REFER TO ATTACHED SCHEDULE C FOR DESCRIPTION

Note For Information Only:
Being known as Lot(s) 2, 3, 4; 1, 2; 13, Block 6003; 6004; 6005, on the official Tax Map of City of Jersey City, County of Hudson, in the State of New Jersey.

*7/3/13*

# TITLE INSURANCE COMMITMENT
*Issued by* **Trans-County Title Agency**
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

**Commitment Number:** TC-72266-1

## SCHEDULE B – SECTION I
## REQUIREMENTS

The following requirements must be met:

a. Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

b. Pay us the premiums, fees and charges for the policy.

c. Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

· Deed from Ogden Realty Co., a New Jersey Partnership to Coles Jersey Development Co., LLC to be recorded in Hudson County Clerk/Register's Office.

NOTE: Spouses/Civil Union Partners, if any, of vested owners as set forth in Schedule A, Item 3 hereof must join in Deed of Conveyance if the subject premises is now or ever has been used as the primary marital/civil union residence.

· Mortgage made by Coles Jersey Development Co., LLC to , , , , , , to be recorded in Hudson County Clerk/Register's Office.

NOTE: If the property was acquired prior to May 28, 1980, spouse(s) must join in the Deed of conveyance and/or Mortgage, and sign an Affidavit of Title.

d. You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

e. **THIS COMPANY REQUIRES THAT A TITLE RUN-DOWN BE ORDERED AT LEAST 24 HOURS PRIOR TO CLOSING.**

f. We will require an affidavit of title be furnished to include the past and present marital status of the grantors and/or mortgagors, and specific reference to all upper and county court judgments.

g. The Company requires that a Notice of Settlement in connection with the transaction to be insured be recorded, pursuant to N.J.S.A. 46:26A-11 et seq., as nearly as possible to, but not more than, sixty (60) days prior to the anticipated date of recording of the closing documents. If the closing is postponed, another Notice of Settlement must be recorded prior to the expiration of the first recorded Notice of Settlement.

h. In the event that the proceeds of the loan to be secured by the mortgage to be insured are not to be fully disbursed at Closing, the Company must be notified and this Commitment will then be modified accordingly.

i. Unless stated to the contrary in Schedule B, the Company incorporates the following American Land Title Association endorsements into this policy by this reference as if these endorsements had been attached hereto:

NJRB 3-07
Effective 2/15/07

## TITLE INSURANCE COMMITMENT
*Issued by* Trans-County Title Agency
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

1. Mortgage Policy, when issued, will contain an ALTA 1-06 (Assessment for Municipal Improvements), a sample of which is attached hereto.
   (continued)

j. The following additional requirements must be met:

   1. Subject to the results of a UCC-1 Search in the NJ Department of Treasury's Office vs. Ogden Realty Co. (ATTACHED)

NJRB 3-07
Effective 2/15/07

# TITLE INSURANCE COMMITMENT
*Issued by* **Trans-County Title Agency**
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

Commitment Number: TC-72266-1

## SCHEDULE B – SECTION II
## EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Notwithstanding any provision of the policy to the contrary, the following matters are expressly excepted from coverage of the policy, and the Company will not pay loss or damage, costs, attorney's fees or expenses that arise by reason of any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the land.

2. Rights or Claims or interest of parties in possession of the land not shown by the public record.

3. Easements, or claims of easements, not shown by the public record.

4. Any liens or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

5. Taxes, charges, assessments and utilities: SEE ATTACHED.  Possible additional taxes and assessments for the year of 2013 assessed or levied under R.S. 54:4-63.1 et seq.

6. Calculation of the area and/or acreage is hereby not insured to be accurate.

7. Subject to New Jersey Superior Court and U.S. District Court searches which show: (ATTACHED). Note: Patriot Act Search also (ATTACHED).

8. It is hereby certified that the purchasers of the premises in question have been searched for all judgments in the Hudson County Clerk's Office for twenty years last past and the following is found of record: None.

9. Mortgage made by Ogden Realty Company to Norbert J. Walsh, dated November 1, 2010, recorded December 17, 2010 in the Hudson County Clerk/Register's Office in Book 17625 Page 191. Secures $32,957,802.78.

10. Subject to the results of a Tideland Search, which discloses: unclaimed.  (ATTACHED)

NJRB 3-07
Effective 2/15/07

TITLE INSURANCE COMMITMENT
*Issued by* Trans-County Title Agency
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

Commitment Number: TC-72266-1

SCHEDULE C
LEGAL DESCRIPTION

ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Jersey City, in the County of Hudson, State of New Jersey:

TRACT I:

BEGINNING at the point of intersection formed by the Northerly line of 16th Street (60 foot ROW) and the
Westerly line of Coles Street (60 foot ROW) and running; thence

1. Along the Northerly line of 16th Street, North 83 degrees 43 minutes 58 seconds West, a distance of 400.00 feet to a point in the Easterly line of Monmouth Street; (60 foot ROW); thence

2. Running along the Easterly line of Monmouth Street, North 06 degrees 21 minutes 02 seconds East, a distance of 200.00 feet to a point in the Southerly line of 17th Street; thence

3. Running along the Southerly line of 17th Street, South 83 degrees 43 minutes 58 seconds East, a distance of 400.00 feet to a point in the Westerly line of Coles Street; thence

4. Running along the Westerly line of Coles Street, South 06 degrees 21 minutes 02 seconds West, a distance of 200.00 feet to the Northerly line of 16th Street, being the point and place of BEGINNING.

THE above description was drawn in accordance with a survey prepared by Dresdner, Robin (Donald E. Walby, P.L.S., dated October 4, 2005, revised through November 3, 2006.

For Information Only:
Also known as Lot(s) 1 and 2, Block 6004 on the City of Jersey City Tax Map.

TRACT II:

BEGINNING at the point of intersection formed by the Northerly line of 17th Street (60 foot ROW) and the Westerly line of Coles Street (60 foot ROW) and running; thence

1. Along the Northerly line of 17th Street, North 83 degrees 43 minutes 58 seconds West, a distance of 400.00 feet to a point in the Easterly line of Monmouth Street; (60 foot ROW); thence

2. Running along the Easterly line of Monmouth Street, North 06 degrees 21 minutes 02 seconds East, a distance of 46.00 feet to a point; thence

3. Continuing along the Easterly line of Monmouth Street in a Northeasterly direction along a curve to the right having a radius of 664.00 feet, a distance of 140.91 feet to a point; thence

NJRB 3-07
Effective 2/15/07

## TITLE INSURANCE COMMITMENT
*Issued by* **Trans-County Title Agency**
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

4. South 25 degrees 17 minutes 19 seconds East, a distance of 26.56 feet to a point; thence

5. Continuing along the Easterly line of Monmouth Street in a Northeasterly direction along a curve to the right having a radius of 630.00 feet, an arc distance of 103.96 feet to a point in the former centerline of 18th Street; thence

6. Running along the former centerline of 18th Street, South 83 degrees 43 minutes 58 seconds East, a distance of 257.56 feet to a point in the Westerly line of Coles Street; thence

7. Running along the Westerly line of Coles Street, South 06 degrees 21 minutes 02 seconds West, a distance of 230.00 feet to the point and place of BEGINNING.

THE above description was drawn in accordance with a survey made by Dresdner, Robin (Donald F. Walby, P.L.S.) dated October 4, 2005 and revised through November 3, 2006.

For Information Only:
Also known as Lot(s) 13, Block 6005 on the City of Jersey City Tax Map.

TRACT III:

BEGINNING at the point of intersection formed by the Northerly line of 16th Street (60 foot ROW) and the Westerly line of Jersey Avenue (80 foot ROW) and running; thence

1. Along the Northerly line of 16th Street, North 83 degrees 43 minutes 58 seconds West, a distance of 300.00 feet to a point; thence

2. North 06 degrees 21 minutes 02 seconds East, a distance of 125.00 feet to a point; thence

3. North 83 degrees 43 minutes 58 seconds West, a distance of 100.00 feet to a point in the Easterly line of Coles Street; (60 foot ROW); thence

4. Running along the Easterly line of Coles Street, North 06 degrees 21 minutes 02 seconds East, a distance of 75.00 feet to a point in the Southerly line of 17th Street (60 foot ROW); thence

5. Running along the Southerly line of 17th Street, South 83 degrees 43 minutes 58 seconds East, a distance of 400.00 feet to a point in the Westerly line of Jersey Avenue; thence

6. Running along the Westerly line of Jersey Avenue South 06 degrees 21 minutes 02 seconds West, a distance of 200.00 feet to the point and place of BEGINNING.

THE above description was drawn in accordance with a survey made by Dresdner, Robin (Donald E. Walby, P.L.S.) dated October 4, 2005 and revised through November 3, 2006.

For Information Only:

NJRB 3-07
Effective 2/15/07

## TITLE INSURANCE COMMITMENT
*Issued by* **Trans-County Title Agency**
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

Also known as Lot(s) 2, 3 and 4, Block 6003 on the City of Jersey City Tax Map.

**Note for Information Only:**

Also known as Lot(s) 2, 3, 4; 1, 2; 13, Block 6003; 6004; 6005 in the City of Jersey City, in the County of Hudson, also known as Coles St./16th St./17th St..

*Issued by*
Trans-County Title Agency
AGENT FOR FIRST AMERICAN TITLE INSURANCE COMPANY

SURVEY ENDORSEMENT
(for Commitment or Policy)

File No. TC-72266

Attached to and made a part of Commitment Number: TC-72266

Exception No. 1 is removed.  Notwithstanding any provision in the policy to the contrary, unless an exception is taken in Schedule B, the policy insures against loss arising from any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title.  The following matters shown on a survey made by Dresner Robin, dated October 4, 2005, last revised November 3, 2006, are added to Schedule B:

TRACT 1:

(a) Tidelands Claim Area
(b) Overhead wires

TRACT II:

(a) Fence mislocations
(b) Guard house extends over title line
(c) Paved parking area straddles title line

TRACT III:

(a) Fence mislocation

"Mortgage policy insures against loss by enforced removal of so much of the improvements located on the premises as may actually encroach over the property boundary lines".
(Said survey to be continued by affidavit)

This policy does not insure against errors or inaccuracies in the survey with respect to matters which do not affect title.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated: April 15, 2013

First American Title Insurance Company

7·3·13

NJRB 5-01
Revised 2/15/2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DECOTIIS, FITZPATRICK & COLE, LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
(201) 928-1100
Email: jsmith@decotiislaw.com
*Attorneys for Plaintiff Texas Eastern Transmission, LP*

| | |
|---|---|
| TEXAS EASTERN TRANSMISSION, LP, a limited partnership of the State of Delaware<br><br>            Plaintiff,<br><br>v.<br><br>1.73 Acres Of Land, More or Less, In The City Of Jersey City, Hudson County, New Jersey; OGDEN REALTY CO., fee owner; LANCE LUCARELLI; NORBERT J. WALSH, mortgagee; JANE AND JOHN DOES 1 through 50  (fictitious name defendants); and ABC BUSINESS ENTITIES 1 through 50 (fictitious name defendants),<br><br>            Defendants. | Civil Action No. _____<br><br>12 - 3412<br><br><br>ORDER OF TAKING |

This matter having been opened to the Court by DeCotiis, Fitzpatrick & Cole, LLP,

attorneys for the plaintiff, Texas Eastern Transmission, LP ("Texas Eastern"), on the return of

the Order to Show Cause entered by the Court on *June 28*, 2012, on plaintiff's application

for an Order determining that plaintiff is duly vested with and has duly exercised its authority to

acquire the property right (easements) being condemned in this cause, authorizing Texas Eastern

to either secure a bond in the amount of the estimated compensation or deposit the amount of the

estimated compensation into the Court's registry pursuant to L. Civ. R. 67.1(a), and determining

that Texas Eastern, upon securing a bond in the amount of the estimated compensation or payment of the estimated compensation into Court, be given immediate possession of the property rights condemned;

And the Court, having considered the papers filed and the argument of counsel who appeared, and it appearing that plaintiff is entitled, under the Natural Gas Act, 15 U.S.C. § 717f(h), and under the provisions of a Certificate of Convenience and Public Necessity issued by the Federal Energy Regulatory Commission on May 21, 2012 (in FERC Docket No. CP11-56-000) to maintain this condemnation action;

It is on this ___28___ day of ___Jun___, 2012,

ORDERED AND ADJUDGED as follows:

1. Texas Eastern is authorized to and has duly exercised its power of eminent domain in this action;

2. Texas Eastern is entitled to relief under the equitable powers of this Court and shall receive immediate possession of the permanent and temporary easements condemned herein;

3. Texas Eastern, upon securing a bond for the estimated compensation of $2,110,600 or, in the alternative, payment of the estimated compensation of $2,110,600 into the Registry of this Court as directed in paragraph 4 below, shall be entitled to possession and control of the properties identified in the Verified Complaint;

4. a.   Texas Eastern shall secure a bond for the estimated compensation of $2,110,600, or, in the alternative, shall deposit the sum of $2,110,600 with the Clerk into the Registry of this Court and then, as soon as the business of his office allows, the Clerk shall deposit these funds into the interest-bearing

Case 2:14-cv-00167-SRC-CLW  Document 45-12  Filed 09/24/18  Page 39 of 83 PageID: 536

Case 2:12-cv-03412-SRC-CLW  Document 10  Filed 06/28/12  Page 3 of 6 PageID: 164
Case 2:12-cv-03412-SRC-MAS  Document 1-7  Filed 06/06/12  Page 3 of 6 PageID: 132

Court Registry Investment System (C.R.I.S.) administered by the Clerk of the United States District Court for the District of New Jersey as Custodian, pursuant to L.Civ.R.67.1(a)(2);

b.      That the sum of money so invested in the interest-bearing C.R.I.S. fund shall remain on deposit until further order of this Court at which time the funds, together with interest thereon, shall be retrieved by the Clerk and re-deposited into the non-interest-bearing Registry of the Court for disposition pursuant to the further order of the Court;     .

c.      That the Custodian deduct a miscellaneous schedule fee for the handling of registry funds, as authorized by the Judicial Conference of the United States and the Standing Order of this Court dated June 30, 1989, as amended November 30, 1990, of 10% of the income earned on this account and each subsequent deposit of new principal so deposited while invested in the C.R.I.S.;

d.      That a certified copy of this Order shall be personally served, by the plaintiff's attorneys, upon the Clerk of this Court, the Chief Deputy Clerk, or upon the Chief Financial Deputy Clerk;

5.      Texas Eastern, upon securing a bond in the aforesaid amount, or upon payment of the aforesaid amount into the Registry of the Court, shall be entitled to receive a certified copy of this Order from the Clerk of the Federal District Court, District of New Jersey, which certified copy may then be recorded in a Deed Book at the offices of the Clerk of Hudson County as plenary evidence and record notice of plaintiff's right to have, hold, use, occupy, possess, and enjoy both the permanent easement and the temporary construction easements as shown on Exhibit "A", a copy of which is annexed hereto for the purposes of laying, constructing,

Case 2:12-cv-03412-SRC-CLW   Document 10   Filed 06/28/12   Page 4 of 6 PageID: 165
Case 2:12-cv-03412-SRC-MAS   Document 1-7   Filed 06/06/12   Page 4 of 6 PageID: 133

operating, maintaining, repairing, altering, replacing, and removing, from time to time, a natural gas pipeline, above- and below-grade valves, tie-overs, meters, regulators, cathodic protection and other appurtenant facilities for the transportation of natural gas or other substances which can be transported through a pipeline; Texas Eastern shall have all other rights and benefits that are necessary or appropriate for the full enjoyment of the easements together with full right of ingress and egress;

6.  That defendants, and any and all persons in possession or control of the property described in the Verified Complaint herein, shall surrender possession and control of the new permanent right-of-way and easement, as shown on Exhibit "A", to the plaintiff, effective immediately upon plaintiff's deposit of the estimated compensation into the aforesaid Registry of the Court; and

7.  That plaintiff's attorneys shall serve a copy of this Order of Taking upon defendant owner, by regular mail addressed to its attorneys, within ___3___ days of the entry of this Order.

_____, U.S.D.J.

TEXAS EASTERN TRANSMISSION, LP, a limited partnership of the State of
Delaware,

Plaintiff,

v.

1.73 Acres Of Land, More or Less, In The City Of Jersey City, Hudson County,
New Jersey; OGDEN REALTY CO., fee owner; LANCE LUCARELLI;
NORBERT J. WALSH, mortgagee; JANE AND JOHN DOES 1 through 50
(fictitious name defendants); and ABC BUSINESS ENTITIES 1 through 50
(fictitious name defendants),

# Exhibit A

# To Order of Taking

# Drawing





**Ogden Realty**
Mike Huddleston  to: ktobrien                                    04/16/2013 03:34 PM

History:                This message has been forwarded.

The searcher found the Order of Taking.  It is misindexed.  Indexed as Ogen Realty.  The seller's counsel might want to chat with the clerk.

<u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "<u>Agreement</u>") is made as of the 3rd of July 2013 by and among CH ACQUISITIONS 2, LLC, a Delaware limited liability ("CH"), JERSEY CITY NORTH, LLC, a Delaware limited liability company ("<u>JCN</u>"), THE HOBOKEN BROWNSTONE COMPANY, a registered trademark of West Bank Realty, Inc. ("<u>Hoboken Brownstone</u>"), and OGDEN REALTY CO., a New Jersey Partnership ("<u>Ogden</u>") (collectively, the "<u>Parties</u>").

WHEREAS, JCN and Ogden are parties to that certain Purchase and Sale Agreement dated April 12, 2013 (as amended) between Ogden, as seller, and Hoboken Brownstone, as Buyer, relating to certain real estate located in Jersey City, New Jersey, and assigned by Hoboken Brownstone to CH and further assigned by CH to JCN (the "<u>P&S Agreement</u>");

WHEREAS, certain disputes have arisen between JCN and Ogden with respect to the closing under the P&S Agreement (the "<u>Dispute</u>");

WHEREAS, Hoboken Brownstone and CH, under the terms of the P&S Agreement, remain liable as "Buyer" thereunder, notwithstanding their assignment of their interests under the P&S Agreement and, therefore, are parties to this Agreement; and

WHEREAS, the Parties have agreed to settle the Dispute, as hereinafter set forth.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and agreed to, the Parties agree as follows:

1. <u>Termination of P&S Agreement</u>. The Parties acknowledge and agree that, upon timely receipt by JCN of the Payment by the Payment Deadline, as provided below, the P&S Agreement shall be deemed terminated.

2. <u>Mutual Release</u>. Subject to, and conditioned upon, the P&S Agreement being terminated pursuant to Paragraph 1 above, each of the Parties hereby irrevocably and forever unconditionally releases, remits, acquits and discharges the other and its employees, officers, members, directors, representatives, agents, servants, attorneys, affiliates, parent, subsidiaries, successors and assigns, and all persons, firms, corporations and organizations acting on its behalf, from and against any and all past, present and future actions (including, without limitation, the Dispute), causes of action, claims, counterclaims, suits, rights, demands, damages, injunctive or declaratory relief, costs, expenses, accounts, judgments, executions, debts, losses, obligations, rights of contribution or indemnification, attorneys' fees, and any and all other liabilities of any kind or nature or description whatsoever, whether arising at law or in equity, under Federal law, State law, common law or any other law, whether known or unknown, asserted or unasserted, express or implied, foreseen or unforeseen, suspected or unsuspected, which such party ever had, presently has, may have, or claim or assert to have, against the other from the beginning of time until the date of this Agreement in connection with the P&S Agreement (including, without limitation, the assignments thereof described herein) and/or the transaction contemplated thereby.

1

3.    Return of Earnest Money Deposit.  By no later than 5:00 p.m., July 3, 2013 (the "Payment Deadline"), JCN shall have received, in cleared funds (i) the return of $2,190,000 of the deposit that was made under the P&S Agreement plus (ii) the amount of $300,000.00 (collectively, the "Payment"); provided, however, that  written confirmation (which may be made by e-mail transmission) from Trans-County Title Agency to JCN  and received by JCN by no later than 5:00 p.m., July 3, 2013 that it has instructed its bank to wire the Payment to JCN shall be deemed to extend the Payment Deadline to 12:00 p.m., July 5, 2013.  If, for any reason, the Payment is not received by JCN by the Payment Deadline, this Agreement shall be null and void ab initio, as if it was never executed and delivered, and neither this Agreement nor any negotiations or other communications with respect to this Agreement shall be admissible in any action brought with respect to the subject matter hereof.  Hoboken Brownstone shall make (or shall cause to be made) such payment of $300,000.

4.    Environmental Reports.   Promptly after the execution and delivery of this Agreement, CH and JCN shall deliver to Hoboken Brownstone copies of any environmental reports that CH and JCN have in their possession relating to the Property (as such capitalized term is defined in the P&S Agreement) (the "Reports").   Neither CH nor JCN makes any representations or warranties regarding the accuracy of the Reports, nor any representations of any nature with regard to the Reports (including, without limitation whether Hoboken Brownstone may, in fact, even be entitled to use the Reports and whether the copies thereof are correct or complete copies of the originals thereof), and any use by Hoboken Brownstone makes of the Reports is at its own risk and in no event shall CH or JCN have any liability arising from such use.  Hoboken Brownstone agrees to indemnify CH and JCN against, and hold CH and JCN harmless from, any and all losses, damages and claims that said parties may incur by the use of the Reports by Hoboken Brownstone or any party making use of the Reports through Hoboken Brownstone.

5.    Entire Agreement.   This Agreement constitutes the entire agreement and understanding of the parties hereto with respect to the settlement contemplated hereby, and supersedes any and all prior or contemporaneous discussions, agreements or understandings, whether written or oral, with respect to such settlement.

6.    Amendments and Waivers.  Neither this Agreement, nor any of the terms thereof, may be amended, waived, discharged or terminated unless such amendment, waiver, discharge, or termination is in writing signed by the party against whom enforcement of such waiver, discharge or termination is sought.  No waiver of any default shall extend to any subsequent or other default.

7.    Successors and Assigns.  This Agreement shall bind and inure to the benefit of the parties hereto and their respective affiliates, successors and assigns.

8.    Due Authorization, Etc.  Each party represents and warrants that this Agreement has been duly authorized, executed and delivered by it.

9.    Governing Law.  This Agreement and the rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New Jersey without regard to laws as to conflict of laws.

2

10.    Counterparts; Facsimile Copies.  This Agreement may be executed in two or more counterparts and by different parties on different counterparts, each of which shall be deemed an original, but all of such counterparts together shall be deemed to be one and the same instrument. A fax or pdf of a signed copy of this Agreement shall operate as an original signed copy.

11.    Time for Acceptance. This Agreement shall be void if a copy of this Agreement, fully executed by The Hoboken Brownstone Company and Ogden Realty Co., is not received by JCN by 12:00 p.m., July 3, 2013.

CH ACQUISITIONS 2, LLC

By: _____
    Name (Print): Sharon Christenbury
    Title:  Vice President

JERSEY CITY NORTH, LLC

By: _____
    Name (Print): Sharon Christenbury
    Title:  Vice President

THE HOBOKEN BROWNSTONE COMPANY,
a registered trademark of West Bank Realty, Inc.

By: _____
    Name (Print): _____
    Title: _____

OGDEN REALTY CO.

By: _____
    Name (Print): _____
    Title: _____

By: _____
    Name (Print): _____
    Title: _____

3

10.   Counterparts; Facsimile Copies.  This Agreement may be executed in two or more counterparts and by different parties on different counterparts, each of which shall be deemed an original, but all of such counterparts together shall be deemed to be one and the same instrument. A fax or pdf of a signed copy of this Agreement shall operate as an original signed copy.

11.   Time for Acceptance.  This Agreement shall be void if a copy of this Agreement, fully executed by The Hoboken Brownstone Company and Ogden Realty Co., is not received by JCN by12:00 p.m., July 3, 2013.

CH ACQUISITIONS 2, LLC

By: _____
    Name (Print): _____
    Title: _____

JERSEY CITY NORTH, LLC

By: _____
    Name (Print): _____
    Title: _____

THE HOBOKEN BROWNSTONE COMPANY,
a registered trademark of West Bank Realty, Inc.

By: Daniel Gans
    Name (Print): Daniel Gans
    Title: C.E.O.

OGDEN REALTY CO.

By: _____
    Name (Print): _____
    Title: _____

By: _____
    Name (Print): _____
    Title: _____

3

10.    Counterparts; Facsimile Copies.  This Agreement may be executed in two or more counterparts and by different parties on different counterparts, each of which shall be deemed an original, but all of such counterparts together shall be deemed to be one and the same instrument. A fax or pdf of a signed copy of this Agreement shall operate as an original signed copy.

11.    Time for Acceptance.  This Agreement shall be void if a copy of this Agreement, fully executed by The Hoboken Brownstone Company and Ogden Realty Co., is not received by JCN by 12:00 p.m., July 3, 2013.

CH ACQUISITIONS 2, LLC

By: _____
    Name (Print): _____
    Title: _____

JERSEY CITY NORTH, LLC

By: _____
    Name (Print): _____
    Title: _____

THE HOBOKEN BROWNSTONE COMPANY,
a registered trademark of West Bank Realty, Inc.

By: _____
    Name (Print): _____
    Title: _____

OGDEN REALTY CO.

By: _Donna Walsh_____
    Name (Print): _Donna Walsh_____
    Title: _Partner_____

By: _Patricia Wisniewski_____
    Name (Print): _Patricia Wisniewski_
    Title: _Partner_____

3

## RESOLUTION OF OGDEN REALTY CO.,
## A NEW JERSEY PARTNERSHIP

The undersigned, being the Partners of Ogden Realty Co., a New Jersey Partnership (hereinafter "Partnership"), hereby certify and state that the following resolution was adopted and recorded by the Partnership, and is now in full force and effect:

WHEREAS, the Partnership has agreed to sell real property located in Jersey City, New Jersey, and identified on the Tax Map of the City of Jersey City as Lots 2, 3 and 4 in Block 6003; Lots 1 and 2 in Block 6004; and Lots 13 and 7 in Block 6005 to Coles Jersey Development, LLC, a New Jersey Limited Liability Company for $22,000,000.00, and the closing is scheduled for July 2, 2013;

NOW, THEREFORE, IT WAS RESOLVED AS FOLLOWS:

The transaction referred to above is authorized and approved, and the Partnership hereby authorizes any Partner or authorized signatory to execute, acknowledge and deliver such documents, instruments, and papers and perform such acts as are necessary to convey the Premises as aforesaid.

_Donna Walsh_
DONNA WALSH

_Patricia Wisniewski_
PATRICIA WISNIEWSKI

Dated: July __3__, 2013

{00852173}

### DOWN DATE CERTICATE OF OGDEN REALTY CO.,
### A NEW JERSEY PARTNERSHIP

The undersigned, being the Partners of Ogden Realty Co., a New Jersey Partnership,

which is the Seller of real property located in Jersey City, New Jersey, identified on the Tax Map

of the City of Jersey City as Lots 2, 3 and 4 in Block No. 6003; Lots 1 and 2 in Block 6004; and

Coles Jersey Development Co   NJ   (PW)

Lots 13 and 7 in Block 6005 to ~~Jersey City North~~, LLC, a ~~Delaware~~ Limited Liability Company,

hereby state, to the best of their knowledge and belief, that all representations and warranties of

Ogden Realty Co. set forth in the Agreement of Sale dated April 12, 2013 remain true and

correct as of the date of Closing, excepting a portion of the operations of American Self Storage

MGMT Assoc., LLC encroaching upon 305 Coles Street (Block 6005, Lots 13 and 7).

_Donna Walsh_
DONNA WALSH

_Patricia Wisniewski_
PATRICIA WISNIEWSKI

Dated: July _3_, 2013

{00852172}

## CERTIFICATION OF NON-FOREIGN STATUS

Section 1445 of the Internal Revenue Code specifies that a buyer of a United States real property interest must withhold tax if the seller is a "foreign person". Any non-resident alien who cannot truthfully declare that he/she is one of the three types of persons described in paragraph 1 below should not complete this form.

To inform the buyer that withholding of tax is not required upon my disposition of a United States Real Property interest,

I, Ogden Realty Co., a New Jersey Partnership, hereby certify that:

1.      I am not a nonresident alien for purposes of U.S. income taxation;

2.      My United States taxpayer identification number (tax identification number) is 22-2204130.

3.      My forwarding address is 611 U.S. Highway 46 West, Hasbrouck Heights, NJ 07604.

4.      I am a transferor of the property designated on the Tax Map of the City of Jersey City, New Jersey as Lots 2, 3 and 4 in Block 6003; Lots 1 and 2 in Block 6004; and Lots 13 and 7 in Block 6005.

I understand that the buyer may disclose this Certification to the Internal Revenue Service and that any false statement I have made here could be punishable by fine, imprisonment, or both.

Under penalties of perjury, I declare that I have examined this Certification, and to the best of my knowledge and belief, it is true, correct and complete.

DONNA WALSH, PARTNER, OGDEN REALTY CO., A NEW JERSEY PARTNERSHIP

PATRICIA WISNIEWSKI, PARTNER, OGDEN REALTY CO., A NEW JERSEY PARTNERSHIP

SIGNED AND SWORN TO BEFORE ME ON _July 3_ , 2013

ROBERT J. MACHI, ESQ.
ATTORNEY AT LAW OF NJ

{00852174}

RTF-1 (Rev. 7/14/16)
MUST SUBMIT IN DUPLICATE

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

STATE OF NEW JERSEY

|  | } SS. | County Municipal Code |
|---|---|---|
| COUNTY | Essex | 0906 |

| FOR RECORDER'S USE ONLY |
|---|
| Consideration $ |
| RTF paid by seller $ |
| Date ____ By ____ |

MUNICIPALITY OF PROPERTY LOCATION  Jersey City        *Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3 and #4 on reverse side)

Deponent, __Donna Walsh__ , being duly sworn, according to law, upon his/her oath,
(Name)
deposes and says that he/she is the __Partner of Ogden Realty__ in a deed dated  6 / 13 transferring
(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc)
real property identified as Block number __6002 Lots 2,3,4__; __Block 6004, Lots 1+2; Block 6005, Lot 13__ located at
__311 Seventeenth St; 289 Coles St; 258-262 Sixteenth St;__
__296 Coles St; 298 Coles St; 305 Coles St; Jersey City, NJ__ and annexed thereto.
(Street Address, Town)

**(2) CONSIDERATION** $ 22,000,000.00 (Instructions #1 and #5 on reverse side) [ ] no prior mortgage to which property is subject.

**(3)** Property transferred is Class 4A   4B   4C  (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

**(3A)REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:**
(See Instructions #5A and #7 on reverse side)
Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation

$ _____ ÷ _____ % = $ _____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value.  If Director's Ratio is equal to or in excess of
100%, the assessed value will be equal to the equalized valuation.

**(4) FULL EXEMPTION FROM FEE** (See Instruction #8 on reverse side)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through
C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.

**(5) PARTIAL EXEMPTION FROM FEE** (Instruction #9 on reverse side)
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will
void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and
General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A.  SENIOR CITIZEN     Grantor(s) [ ] 62 years of age or over. * (Instruction #9 on reverse side for A or B)
B.  BLIND PERSON       Grantor(s) [ ] legally blind or; *
    DISABLED PERSON Grantor(s) [ ] permanently and totally disabled [ ] receiving disability payments [ ] not gainfully employed*

Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
[ ] Owned and occupied by grantor(s) at time of sale.          [ ] Resident of State of New Jersey.
[ ] One or two-family residential premises.                    [ ] Owners as joint tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C.  LOW AND MODERATE INCOME HOUSING (Instruction #9 on reverse side)
    [ ] Affordable according to H.U.D. standards.              [ ] Reserved for occupancy.
    [ ] Meets income requirements of region.                   [ ] Subject to resale controls.

**(6) NEW CONSTRUCTION** (Instructions #2, #10 and #12 on reverse side)
    [ ] Entirely new improvement.                              [ ] Not previously occupied.
    [ ] Not previously used for any purpose.                   [ ] "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

**(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES** (Instructions #5, #12, #14 on reverse side)
    [ ] No prior mortgage assumed or to which property is subject at time of sale.
    [ ] No contributions to capital by either grantor or grantee legal entity.
    [ ] No stock or money exchanged by or between grantor or grantee legal entities.

**(8)** Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in
accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me
this  3rd  day of  July , 2013

__Donna Walsh__                          __Ogden Realty Co., a NJ Partnership__
Signature of Deponent                        Grantor Name
611 US Hwy 46 West                       611 US Hwy 46 West
Hasbrouck Heights, NJ                    Hasbrouck Heights, NJ 07604
07604
Deponent Address                             Grantor Address at Time of Sale

__Robert J. Machi__
__Attorney at Law,__
__State of NJ__

XXX-XXX-  130 .
Last three digits in Grantor's Social Security Number   Name/Company of Settlement Officer

| FOR OFFICIAL USE ONLY |  |  |
|---|---|---|
| Instrument Number | County |  |
| Deed Number | Book | Page |
| Deed Dated | Date Recorded |  |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:   **STATE OF NEW JERSEY**
**PO BOX 251**
**TRENTON, NJ 08695-0251**
**ATTENTION: REALTY TRANSFER FEE UNIT**
The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and may not be altered or amended
without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division of Taxation website at:
www.state.nj.us/treasury/taxation/lpt/localtax.htm

RTF-1EE (Rev. 12/06)
MUST SUBMIT IN DUPLICATE

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION FOR USE BY BUYER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM BEFORE COMPLETING THIS AFFIDAVIT

STATE OF NEW JERSEY
} SS. County Municipal Code

COUNTY   Essex                    0906

MUNICIPALITY OF PROPERTY LOCATION   Jersey City

| FOR RECORDER'S USE ONLY |
| Consideration   $ |
| RTF paid by buyer   $ |
| Date   By |

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3 and #4 on reverse side)     XXX-XX-X 0 1 0
Last three digits in Grantee's Social Security Number

Deponent,  Daniel Goans  being duly sworn according to law upon his/her oath,
(Name)

deposes and says that he/she is the  Corporate Off.  in a deed dated  July 3, 2013  transferring
(Grantee, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number  See Exhibit A  lot number  Blocks, Lots + Address  located at

Jersey City, New Jersey  and annexed thereto.
(Street Address, Town)

**(2) CONSIDERATION**  $ 22,000,000  (See Instructions #1, #5, and #11 on reverse side)

Entire consideration is in excess of $1,000,000;

PROPERTY CLASSIFICATION CHECKED OR CIRCLED BELOW IS TAKEN FROM OFFICIAL ASSESSMENT LIST (A PUBLIC RECORD)
OF MUNICIPALITY WHERE THE REAL PROPERTY IS LOCATED IN THE YEAR OF TRANSFER. REFER TO N.J.A.C. 18:12-2.2 ET SEQ.
(A) Grantee required to remit the 1% fee, complete (A) by checking off appropriate box or boxes below.
☐ Class 2 - Residential                              ☐ Class 4A - Commercial properties
☐ Class 3A - Farm property (Regular) and any other real        (if checked, calculation in (E) required below)
property transferred to same grantee in conjunction      ☐ Cooperative unit (four families or less) (See C. 46:8D-3.)
with transfer of Class 3A property                  Cooperative units are Class 4C.

(B) Grantee is **not** required to remit 1% fee (one or more of following classes being conveyed), complete (B) by checking off appropriate box or boxes
below.
☐ Property class. Circle applicable class or classes:   (1)   3B   (4B)   4C   15
Property classes: 1-Vacant Land;3B- Farm property (Qualified);4B- Industrial properties;4C- Apartments;15: Public Property, etc. (N.J.A.C. 18:12-2.2 et seq.)
☐ Exempt organization determined by federal Internal Revenue Service/Internal Revenue Code of 1986, 26 U.S.C. s. 501.
☐ Incidental to corporate merger or acquisition; equalized assessed valuation less than 20% of total value of all assets
exchanged in merger or acquisition. If checked, calculation in (E) required and MUST ATTACH COMPLETED RTF-4.

(C) When grantee transfers property involving block(s) and lot(s) of two or more subject to the 1% fee (A), and one or more subject to the 1% fee exemption in one deed, one or more subject to the 1% fee (B), pursuant to N.J.S.A. 46:15-7.2, complete (C) by checking off appropriate box or boxes and (D).

☐ Property class. Circle applicable class or classes:   1   2   3B   4A   4B   4C   15

(D) EQUALIZED VALUE CALCULATION FOR ALL PROPERTIES CONVEYED, WHETHER THE 1% FEE APPLIES OR DOES NOT APPLY
Total Assessed Valuation ÷ Director's Ratio = Equalized Valuation

Property Class  1   $ 1,349,800  ÷  31.35  % = $ 4,305,582

Property Class  4B   $ 281,700  ÷  31.35  % = $ 898,564

Property Class _____   $ _____  ÷  _____ % = $ _____

Property Class _____   $ _____  ÷  _____ % = $ _____

(E) REQUIRED EQUALIZED VALUE CALCULATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS: (See Instructions #5 and #7 on
reverse side)
Total Assessed Valuation ÷ Director's Ratio =   Equalized Value

$ _____  ÷  _____ % = $ _____

If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed valuation. If Director's Ratio
is equal to or exceeds 100%, the assessed valuation will be equal to the equalized value.

(3) TOTAL EXEMPTION FROM FEE (See Instruction #8 on reverse side)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended
through Chapter 33, P.L. 2006, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.

(4) Deponent makes Affidavit of Consideration for Use by Buyer to induce county clerk or register of deeds to record the deed and
accept the fee submitted herewith pursuant to the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

Subscribed and sworn to before me     X Daniel Goans          Coles Jersey Development Co. LLC
this  3rd  day of  July , 2013      Signature of Deponent          Grantee Name

                    161 14th St., Hoboken NJ     161 14th St., Hoboken, NJ
                    Deponent Address              Grantee Address at Time of Sale

Kevin T. O'Brien                        Trans-County Title Agency
An Attorney at                        Name/Company of Settlement Officer
Law of NJ

County recording officers: forward one copy of each RTF-1EE to:

STATE OF NJ - DIVISION OF TAXATION
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT

| FOR OFFICIAL USE ONLY |
| Instrument Number _____ County _____ |
| Deed Number _____ Book _____ Page _____ |
| Deed Dated _____ Date Recorded _____ |

The Director, Division of Taxation, Department of the Treasury has prescribed this form, as required by law. It may not be altered or amended without prior
approval of the Director. For further information on the Realty Transfer Fee or to print a copy of this Affidavit or any other relevant forms, visit:
www.state.nj.us/treasury/taxation/lpt/localtax.shtml.

EXHIBIT A
TO
AFFIDAVIT OF CONSIDERATION FOR USE BY BUYER

Name of Grantee:  Coles Jersey Development Co., LLC

Addresses, Lots and Blocks of Property Conveyed [all are located in Jersey City New Jersey]:

| | |
|---|---|
| Block 6003, Lot 2 | 296 Coles St. |
| Block 6003, Lot 3 | 298 Coles St. |
| Block 6003, Lot 4 | 258-282 Sixteenth St. |
| Block 6004, Lot 1 | 311 Seventeenth St. |
| Block 6004, Lot 2 | 289 Coles St. |
| Block 6005, Lots 13 and 7 | 305 Coles St. |

**INSTRUCTIONS FOR FILING FORM RTF-1EE, AFFIDAVIT OF CONSIDERATION FOR USE BY BUYER**

1. CONSIDERATION STATEMENT AND REALTY TRANSFER FEE PAYMENT PREREQUISITES FOR DEED RECORDING
   No county recording officer shall record any deed evidencing transfer of title to real property unless (a) the consideration is recited in the deed, or (b) an Affidavit for Use by Buyer by one or more of the parties named in the deed or by their legal representatives declaring the consideration is annexed for recording with the deed, and (c) for conveyances and transfers of property for which the total consideration recited in the deed is not in excess of $350,000, a fee is remitted at the rate of $2.00/$500 of consideration or fractional part thereof not in excess of $150,000; $3.35/$500 of consideration or fractional part thereof in excess of $150,000 but not in excess of $200,000; and $3.90/$500 of consideration or fractional part thereof in excess of $200,000. For transfers of property for which the total consideration recited in the deed is in excess of $350,000, a fee is remitted at the rate of $2.90/$500 of consideration or fractional part not in excess of $150,000; $4.25/$500 of consideration or fractional part thereof in excess of $150,000 but not in excess of $200,000; $4.80/$500 of consideration or fractional part thereof in excess of $200,000 but not in excess of $550,000; $5.30/$500 of consideration or fractional part thereof in excess of $550,000 but not in excess of $850,000; $5.80/$500 of consideration or fractional part thereof in excess of $850,000 but not in $1,000,000; and $6.05/$500 of consideration or fractional part thereof in excess of $1,000,000, which fee shall be paid in addition to the recording fees imposed by Chapter 123, P.L. 1965, Section 2 (C. 22A:4-4.1) as amended by Chapter 370, P.L. 2001, through Chapter 66, P.L. 2004, Chapter 49, P.L. 2005, and Chapter 33, P.L. 2006, which fee shall be paid to the county recording officer at the time the deed is offered for recording/transfer. Of these fees, $.75/$500 of consideration or fractional part in excess of $150,000 paid to the State Treasurer is credited to the New Jersey Affordable Housing Trust Fund.
   In addition to all other fees imposed under Chapter 49, P.L. 1968 (C. 46:15-5 et seq.) as amended through Chapter 33, P.L. 2006, a fee is imposed upon the grantee of a deed for the transfer of real property for consideration in excess of $1,000,000.
   A. that is classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 2 "residential;"
   B. that includes property classified pursuant to N.J.A.C. 18:12-2.2 as Class 3A: "farm property (regular)" but only if the property includes a building or structure intended or suited for residential use, and; any other real property, regardless of class, that is effectively transferred to the same grantee in conjunction with farm property as described above; or
   C. that is a cooperative unit as defined in section 3 of P.L. 1987, c. 381 (C.46:8D-3);
   D. that is classified pursuant to the requirements of N.J.A.C. 18:12-2.2 as Class 4A "commercial properties," meaning any type of income-producing properties other than properties in Classes 1, 2, 3A, 3B and those properties in Class 4B and Class 4C as defined in N.J.A.C. 18:12-2.2 (f) and (g).
   The 1% fee is not imposed on an organization determined by the federal Internal Revenue Service to be exempt from federal income taxation pursuant to paragraph (3) of subsection (c) of section 501 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 501 that is the grantee in a deed for consideration in excess of $1,000,000. The 1% fee shall also not apply to a deed if the real property transfer is incidental to a corporate merger or acquisition and the equalized assessed value of the real property transferred is less than 20% of the total value of all assets exchanged in the merger or acquisition.

2. WHEN AFFIDAVIT OF CONSIDERATION FOR USE BY BUYER MUST BE ANNEXED TO DEED
   • Recorded with the deed when the entire consideration is in excess of $1,000,000 or the equalized value of the Class 4A property is in excess of $1,000,000; however, the Realty Transfer Fee is calculated on the consideration amount recited in the deed.
   • When grantee claims an exemption from payment of the fee;
   • When the entire consideration is not recited in the deed or in the acknowledgement or proof of the execution.
   Exemptions from the Realty Transfer Fee are found in N.J.S.A. 46:15-10.

3. LEGAL REPRESENTATIVE
   "Legal representative" is to be interpreted broadly to include any person actively and responsibly participating in the transaction, such as, but not limited to: an attorney representing one of the parties; a closing officer of a title company or lending institution participating in the transaction; a holder of power of attorney from grantor or grantee.

4. OFFICER OF CORPORATE GRANTEE/OFFICER OF TITLE COMPANY OR LENDING INSTITUTION
   Where a deponent is an officer of corporate grantee, state the name of corporation and officer's title or where a deponent is a closing officer of a title company or lending institution participating in the transaction, state the name of the company or institution and officer's title.

5. CONSIDERATION
   "Consideration" means in the case of any deed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is assumed and agreed to be paid by the grantee and any other lien or encumbrance not paid, satisfied or removed in connection with the transfer of title.

6. DIRECTOR'S RATIO
   "Director's Ratio" means the average ratio of assessed to true value of real property for each taxing district as determined by the Director, Division of Taxation, in the Table of Equalized Valuations promulgated annually on or before October 1 in each year pursuant to N.J.S.A. 54:1-35.1. The Table is used in the calculation and apportionment of distributions pursuant to the State School Aid Act of 1954. Director's Ratios may be found at: http:www.state.nj.treasury/taxation/lptvalue.shtml.

7. EQUALIZED VALUE
   "Equalized Value" means the assessed value of the property in the year that the transfer is made, divided by the Director's Ratio. The Table of Equalized Valuations is promulgated annually on or before October 1 in each year pursuant to N.J.S.A. 54:1-35.1. Example: Assessed value = $1,000,000; Director's Ratio = 80%. $1,000,000 ÷ .80 = $1,250,000. If Director's Ratio is less than 100%, the equalized value will be an amount greater than the assessed value. If Director's Ratio is in excess of 100%, the assessed value will be equal to the equalized value. When calculating equalized value for item(C) as shown on front portion of this form, aggregate assessed values by property class. See http://www.state.nj.us/treasury/taxation/pdf/lpt/multiclass1.pdf.

8. TOTAL EXEMPTION FROM REALTY TRANSFER FEE (GRANTOR/GRANTEE)
   The fee imposed by this Act shall not apply to a deed:
   (a) For consideration of less than $100; (b) By or to the United States of America, this State, or any instrumentality, agency or subdivision; (c) Solely in order to provide or release security for a debt or obligation; (d) Which confirms or corrects a deed previously recorded; (e) On a sale for delinquent taxes or assessments; (f) On partition; (g) By a receiver, trustee in bankruptcy or liquidation, or assignee for the benefit of creditors; (h) Eligible to be recorded as an "ancient deed" pursuant to R.S. 46:16-7; (i) Acknowledged or proved on or before July 3, 1968; (j) Between husband and wife/partners in a civil union couple, or parent and child; (k) Conveying a cemetery lot or plot; (l) In specific performance of a final judgment; (m) Releasing a right of reversion; (n) Previously recorded in another county and full Realty Transfer Fee paid or accounted for as evidenced by written instrument, attested to by the grantee and acknowledged by the county recording officer of the county of record; (o) By an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this State; (p) Recorded within 90 days following the entry of a divorce decree which dissolves the marriage/civil union partnership between the grantor and grantee; (q) Issued by a cooperative corporation, as part of a conversion of all of the assets of the cooperative corporation into a condominium, to a shareholder upon the surrender by the shareholder of all of the shareholder's stock in the cooperative corporation and the proprietary lease entitling the shareholder to exclusive occupancy of a portion of the property owned by the corporation.

9. REALTY TRANSFER FEE IS A FEE IN ADDITION TO OTHER RECORDING FEES
   The county recording officer is required to collect the Realty Transfer Fee at the time the deed is offered for recording/transfer.

10. AFFIDAVITS OF CONSIDERATION FOR USE BY BUYER FORWARDED TO DIRECTOR, DIVISION OF TAXATION
    The county recording officers shall forward one copy of each Affidavit of Consideration for Use by Buyer filed and recorded with deeds to the Director of the Division of Taxation on the tenth day of the month next following the filing of the deed.

11. PENALTY FOR WILLFUL FALSIFICATION OF CONSIDERATION AND TRANSFERS OF NEW CONSTRUCTION
    Any person who knowingly falsifies the consideration recited in a deed or in the proof or acknowledgement of the execution of a deed or in an affidavit annexed to a deed declaring the consideration therefor or a declaration in an affidavit that a transfer is exempt from recording fee is guilty of a crime of the fourth degree (Chapter 308, P.L. 1991, effective June 1, 1992). The Division of Taxation is entitled to review the Fees collected pursuant to the State Uniform Procedure Law. The Director of the Division of Taxation is authorized to make deficiency assessments to taxpayers who have, intentionally or mistakenly, underestimated the consideration or sales price of properties on the Affidavit of Consideration for Use by Buyer attached to deeds and upon which the Realty Transfer Fee is based.

12. COUNTY/MUNICIPAL CODES
    County/Municipal codes may be found at http://www.state.nj.us/treasury/taxation/pdf/lpt/cntycode.pdf.



GIT/REP-3
(5-12)

State of New Jersey
**SELLER'S RESIDENCY CERTIFICATION/EXEMPTION**
(C.55, P.L. 2004)

(Please Print or Type)

## SELLER(S) INFORMATION (See Instructions, Page 2)

Names(s)

Ogden Realty Co., a New Jersey Partnership

Current Resident Address:

Street: 611 U.S. Highway 46 West

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Hasbrouck Heights | NJ | 07604 |

## PROPERTY INFORMATION (Brief Property Description)

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| Block 6003, Lots 2, 3 ↑4 ; Block 6004, Lots 1 ↑ 2 ; Block 6005, Lot 13 ↑ 7 | | |

Street Address:

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Jersey City | NJ | |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $22,000,000.00 | 7/3/13 |

## SELLER ASSURANCES (Check the Appropriate Box) (Boxes 2 through 10 apply to Residents and Non-residents)

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☒ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot. (CIRCLE THE APPLICABLE SECTION). If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see Instructions).
   ☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

9. ☐ The property being sold is subject to a short sale instituted by the mortgagee, whereby the seller has agreed not to receive any proceeds from the sale and the mortgagee will receive all proceeds paying off an agreed amount of the mortgage.

10. ☐ The deed being recorded is a deed dated prior to the effective date of P.L. 2004, c. 55 (August 1, 2004), and was previously unrecorded.

## SELLER(S) DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete. By checking this box ☐ I certify that the Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

| | |
|---|---|
| 7/3/13 | _Donna Walsh_ |
| Date | Signature |
| | (Seller) Please indicate if Power of Attorney or Attorney in Fact |
| 7/3/13 | _Patricia Wisnewski_ |
| Date | Signature |
| | (Seller) Please indicate if Power of Attorney or Attorney in Fact |

## Seller's Residency Certification/Exemption Instructions

This form is to be completed by individuals, estates, trusts or any other entity selling or transferring property in New Jersey not subject to the Gross Income Tax estimated payment requirements under C55, P.L. 2004.

**Name(s):** Name of seller(s). If more than one owner separate forms must be used except for husband & wife/civil union couples that file their income tax returns jointly.

**Address:** Seller(s) primary residence or place of business. Do not use the address of the property being sold. Unless a new residence (permanent place of abode, domicile) has been established in New Jersey and said new residence is listed under seller(s) information, the seller(s) is considered a nonresident. Part-year residents will be considered nonresidents.

Nonresident seller(s) will be required to make an estimated Gross Income Tax payment if they do not meet any of the seller(s) assurances.

**Property Information:** Information as listed on deed of property being sold.

**Percentage of Ownership:** If there is more than one owner list sellers % of ownership.

**Consideration:** "Consideration" means in the case of any deed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is assumed and agreed to be paid by the grantee and any other lien or encumbrance not paid, satisfied or removed in connection with the transfer of title. If there is more than one owner, indicate seller's portion of total consideration received. If the total consideration for the property is $1,000 or less complete the Seller's Residency Certification/ Exemption form GIT/REP-3 and check box 6 under Seller's Assurances.

**Seller Assurances:** If you meet one of the eight criteria listed you are not required to make a tax payment at this time. Check which box is appropriate to your situation. Note that boxes 2 through 10 apply to residents and non-residents.

Persons claiming an exemption under block #2 must be claiming an income/gain exclusion on their federal return for the property being sold within the meaning of §.121 of the Internal Revenue Code of 1986.

Non-resident taxpayers claiming an exemption under box #7 for IRC section 1031 and receiving non-like kind property (i.e. money, stocks, etc.) as well as like kind property (i.e. real estate) with the exchange, must fill out the GIT/REP-1, NON-RESIDENT SELLER'S TAX DECLARATION form showing the non-like kind amount, and remit an estimated tax payment on the Fair Market Value of the consideration received for the non-like kind property. If no non-like property was received please check the block indicating such.

A third party (the accommodation party) for a deferred like-kind exchange must remit an estimated tax payment of 2% of the fair market value of the consideration received for the non-like kind property on behalf of the taxpayer if non-like property is received when the 1031 transaction is completed or remit 2% of the total consideration if the 1031 transaction is voided.  Payment must be sent directly to the State of New Jersey, Revenue Processing Center, P.O. Box 222, Trenton, NJ 08646-0222.  Please fill out GIT/REP-1 and NJ-1040-ES Voucher.

Complete a GIT/REP-3 AND GIT/REP-1.  The GIT/REP-3 should show the value of the like kind exchange. The GIT/REP-1 should show the Fair Market Value of or consideration received for the non-like kind property (whichever is more).

Example: Mr. Smith exchanges rental property A with a fair market value of $1.2 million for rental property B with a fair market value of $1.0 million and receives $200,000 in cash (non-like kind property). An estimated tax payment is required to be withheld on the $200,000 in consideration of non-like kind property for non-residents.

| | |
|---|---|
| PROPERTY A | $1,200,000 |
| PROPERTY B | $1,000,000 |
| CASH | $  200,000 |
| Consideration for estimated tax payment for GIT/REP-1 | $  200,000 |

**Signature:** Seller(s) must sign and date the declaration. If the seller's representative is signing the declaration either (1) a Power of Attorney executed by the seller(s) to the representative must be previously recorded or recorded simultaneously with the deed to which this form is attached, or (2) a letter signed by the seller(s) granting authority to the representative to sign this form must be attached.

All information requested on this form must be completed. Failure to complete the form in its entirety will result in the deed not being recorded.

This form must be completed at the time of closing and given to the buyer or the buyer's attorney.

The buyer or buyer's attorney must submit the original Seller's Residency Certification/Exemption (GIT/REP-3) to the county clerk at the time of recording the deed. Failure to submit the Seller's Residency Certification/Exemption (GIT/REP-3) or Nonresident Seller's Tax Declaration (GIT/REP-1) or a Nonresident Seller's Tax Prepayment Receipt (GIT/REP-2) will result in the deed not being recorded.

The county clerk will attach this form to the deed when recording the deed.

Additional information regarding the Gross Income Tax estimated payment requirements on the sale of real estate can be found on the Division of Taxation's web page at www.state.nj.us/treasury/taxation.

## ASSIGNMENT OF LICENSES, PERMITS, CONTRACTS AND OTHER INTANGIBLE PROPERTY

THIS ASSIGNMENT OF LICENSES, PERMITS, CONTRACTS AND OTHER INTANGIBLE PROPERTY (this "Assignment") is made as of the ____ day of July, 2013, by OGDEN REALTY CO., a New Jersey partnership ("Assignor"), in favor of COLES JERSEY DEVELOPMENT CO., LLC, a New Jersey limited liability company ("Assignee").

## W I T N E S S E T H :

WHEREAS, Assignor is conveying the real property described on Exhibit A hereto (the "Real Property") to Assignee; and

WHEREAS, Assignor, without any recourse, representations or warranties of any kind, desires to assign all of the Assignor's right, title and interest in and to the all deposits, licenses; permits, warranties, authorizations, approvals, development rights, easements, rights of way, guaranties, contract rights and other intangible rights pertaining to the real property described in Exhibit "A" hereto, but specifically excluding any interest in the condemnation action which is Civil Action Number 12-3412 in the city of Jersey City, Hudson County, New Jersey, or any proceeds therefrom (the "Intangible Property").

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.     Assignor hereby assigns to Assignee all of Assignor's right, title and interest in, to the Intangible Property, without any recourse, representations or warranties of any kind.

2.     If any provision of this Assignment shall be determined to be invalid or unenforceable, the remaining provisions of this Assignment shall not be affected thereby, and every provision of this Assignment shall remain in full force and effect and enforceable to the fullest extent permitted by law.

3.     Assignor agrees that it will make, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, assignments, notices of assignments, transfers and assurances as Assignee shall from time to time reasonably require, for the better assuring, conveying, assigning, transferring and confirming unto Assignee the Intangible Property, and the rights hereby conveyed or assigned or intended now, or for carrying out the intention or facilitating the performance of the terms of this Assignment.

[SIGNATURE PAGE FOLLOWS]

{00852175}     MIA 183345597v1

IN WITNESS WHEREOF, Assignor has executed and delivered this Assignment the day and year first above written.

ASSIGNOR:

_Donna Walsh_
DONNA WALSH, PARTNER
OGDEN REALTY CO., A NEW JERSEY
PARTNERSHIP

_Patricia Wisniewski_
PATRICIA WISNIEWSKI, PARTNER
OGDEN REALTY CO., A NEW JERSEY
PARTNERSHIP

ASSIGNEE:

_Daniel Davis_
COLES JERSEY DEVELOPMENT CO., LLC, a
New Jersey Limited Liability Company

## EXHIBIT A
### (Legal Description)

## BULK SALES ESCROW AGREEMENT

This **AGREEMENT**, is made as of the 3ᴿᴰ day of July, 2013, by and among **OGDEN REALTY CO.** (the "Seller"), **COLES JERSEY DEVELOPMENT CO., LLC** (the "Purchaser") and **NORRIS, McLAUGHLIN & MARCUS, P.A.** (the "Escrow Agent").

### W I T N E S S E T H:

**WHEREAS**, Seller and Purchaser are this day closing on the transaction contemplated by that certain Purchase and Sale Agreement dated as of April 12, 2013 (the "Purchase Agreement"); and

**WHEREAS**, in connection with the transaction contemplated by the Purchase Agreement, the State of New Jersey, Department of the Treasury, Division of Taxation (the "Division") has yet to issue a tax clearance certification, accordingly Seller and Buyer have agreed to allow the sum of One Million Nine Hundred Seventy-Three Thousand Four Hundred and 00/100 ($1,973,400.00) Dollars to be maintained in escrow from the proceeds of the transaction contemplated by the Purchase Agreement until such time as the Division issues a tax clearance certificate letter with respect to any Seller tax liability relating to the sale of certain real property and improvements located in the City of Jersey City, County of Hudson and State of New Jersey and designated as the following: (i) Lot A.1 in Block 366; (ii) Lot A.2 in Block 366, (iii) Lot B.1 in Block 329; (iv) Lot 22 in Block 329, (v) Lots 23 and 24 in Block 329 and (vi) Lot A.2 in Block 367 on the City of Jersey City Tax Map (the "Property"); and

**WHEREAS**, the parties agree that the sum of One Million Nine Hundred Seventy-Three Thousand Four Hundred and 00/100 ($1,973,400.00) Dollars is to be held in escrow pursuant to the terms of this Agreement to satisfy the foregoing; and

**WHEREAS**, the law firm of NORRIS, McLAUGHLIN & MARCUS, P.A., has agreed to serve as Escrow Agent pursuant to the terms of this Agreement.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual promises and covenants hereinafter contained, the parties hereby agree as follows:

1.    At the closing, the Seller shall cause the delivery to Escrow Agent and/or the Escrow Agent shall withhold One Million Nine Hundred Seventy-Three Thousand Four Hundred and 00/100 ($1,973,400.00) Dollars (the "Escrow Amount") from the monies paid at the closing pursuant to the Purchase Agreement.

2.     The Escrow Agent shall deposit the Escrow Amount into a non-interest-bearing attorney trust account.

3.     The Escrow Agent shall hold the Escrow Amount in escrow until such time as the Division delivers to the Escrow Agent or the attorney for either the Seller or Purchaser delivers to the Escrow Agent a tax clearance certificate letter authorizing the release of the Escrow Amount.  In the event the State of New Jersey, Department of the Treasury, Division of Taxation reduces by written correspondence the amount of the required Escrow, the Escrow Agent shall promptly, but no sooner than five (5) business days after Seller and Purchaser have each been notified of such reduction, release the escrowed funds above the reduced amount required. Notwithstanding the foregoing, the Escrow Agent agrees to comply with the terms of Section 6.5 of the Purchase Agreement with respect to the disposition of the Escrow Amount so long as those terms do not otherwise conflict with the provisions of this Agreement.

4.     Upon receipt of the document referred to Paragraph 3 above, the Escrow Agent shall promptly release the Escrow Amount to Seller.

5.     The Seller hereby agrees to use reasonable efforts to cooperate with the Purchaser as well as the Division in order to provide any additional information that may be required by the Division in order to deal with any bulk sales taxation issues and the eventual release of the Escrow Amount.

6.     In the event a dispute rises over the application of the Escrow Amount, the Escrow Agent is hereby authorized to deposit the Escrow Amount with a court of competent jurisdiction and to abide by the judgment thereof. The parties acknowledge that the Escrow Agent has acted as counsel for the Purchaser in connection with the Purchase Agreement. The parties agree that the Escrow Agent shall be permitted to continue its representation of the Purchaser, or to continue or initiate representation in matters adverse to Seller, notwithstanding its role as Escrow Agent hereunder, and all parties hereby consent to such representation and waive all claims of conflict of interest which they have or may have by reason of the Escrow Agent's representation of clients as described in this paragraph 5.

7.     Seller and Purchaser hereby indemnify and hold the Escrow Agent harmless from any and all liabilities, costs and expenses incurred by the Escrow Agent by reason of any act or failure to act taken in accordance with this Agreement, except as such liability, cost or expense shall result from the gross negligence, fraud or willful misconduct of the Escrow Agent. The Escrow Agent shall have no duties or responsibilities except those expressly set forth in this Agreement.  In the event that the Escrow Agent shall be uncertain as to the duties or rights under this Agreement or shall receive from either Seller or Purchaser instructions with respect to

the Escrow Amount which, in the Escrow Agent's opinion, are in conflict with any provision of this Agreement, the Escrow Agent shall notify the parties of that fact and shall be entitled to refrain from taking any action in accordance with such instructions other than to retain the Escrow Amount until the Escrow Agent shall have been instructed otherwise in writing signed by Seller and Purchaser or by a final order of a court of competent jurisdiction whichever occurs first.

8. This Agreement shall terminate and be of no further force and effect upon delivery by the Escrow Agent of the full Escrow Amount in accordance with the terms and provisions of this Agreement.

9. This Agreement may be executed in counterparts, each of which will be an original and together which will constitute one and the same instrument. A facsimile or email signature of this Agreement shall have the same legal effect as an original signature.

**IN WITNESS WHEREOF,** the undersigned have executed this Agreement as of the date and year first above written.

ESCROW AGENT:

NORRIS, McLAUGHLIN & MARCUS, P.A.

By: _____
Name: Kevin T. O'Brien, Esq.
Title: Partner

ATTEST/WITNESS:

PURCHASER:

COLES JERSEY DEVELOPMENT CO., LLC.

By: _____
Name: ~~George Vallone~~ Daniel Gans
Title: Authorized Representative

ATTEST/WITNESS:

SELLER:

OGDEN REALTY CO.

By: _____
Name: Paul Hennessy
Title: Chief Financial Officer

{00852176}
11427917v1 21341/002

-4-

## DISCHARGE OF MORTGAGE

A certain Mortgage dated November 1, 2010, was made by Ogden Realty Company to Norbert J. Walsh.

This Mortgage was made to secure payment of Thirty-Two Million, Nine Hundred-Fifty Seven Thousand, Eight Hundred Two Dollars and Seventy-Eight Cents ($32,957,802.78) and interest. It was recorded or registered in the Office of the Hudson County Register in the County of Hudson, New Jersey on $\underline{Dec\ 17}$, 2010, in mortgage book $\underline{7Co25}$ on page $\underline{191}$.

This Mortgage may now be discharged of record. This means that this Mortgage is now canceled and void. This Discharge of Mortgage shall not act to discharge any other mortgage or security that secured the above-referenced debt, nor does it evidence a satisfaction of such debt.

I sign and CERTIFY to this Discharge of Mortgage on November 1, 2010.

Witnessed or Attested by:

_____     _____
                                     Norbert J. Walsh

STATE OF    $N.\ I.$       :
                          ss.:
COUNTY OF   $Ocean$        :

I CERTIFY that on     $Nov.\ 8$          , 2010, Norbert J. Walsh, personally came before me and this person acknowledged under oath, to my satisfaction, that he signed, sealed and delivered the attached document as his voluntary act and deed for the purposes therein expressed.

_____
ERIC I. ABRAHAM
ATTORNEY AT LAW

Record and return to:

WATERS, McPHERSON, McNEILL, P.C.
300 Lighting Way
Secaucus, New Jersey 07096

Attn: James P. Dugan, Esq.

Hill Wallack LLP
202 Carnegie Center
Princeton, New Jersey 08540
Attorneys for Norbert J. Walsh

| | |
|---|---|
| PATRICIA WISNIEWSKI, : | SUPERIOR COURT OF NEW JERSEY |
| : | CHANCERY DIVISION, HUDSON |
| Plaintiff, : | COUNTY |
| : | |
| v. : | Docket No. HUD-C-13-96 |
| : | |
| FRANCIS J. WALSH, JR. and : | Docket No. HUD-C-171-95 |
| NORBERT J. WALSH, : | (Consolidated) |
| : | |
| Defendants. : | CIVIL ACTION |
| NORBERT J. WALSH, : | |
| .: | |
| Plaintiff, : | **WARRANT TO RELEASE REAL** |
| : | **PROPERTY FROM JUDGMENT** |
| v. : | **LIEN** |
| : | **J-274995-10** |
| FRANCIS J. WALSH, JR., : | |
| PATRICIA WISNIEWSKI, : | |
| NATIONAL RETAIL TRANSPOR- : | |
| TATION, INC., a Pennsylvania : | |
| Corporation, and COHEN : | |
| EXPRESS CORPORATION, a New : | |
| Jersey Corporation, et al., : | |
| : | |
| Defendants : | |

TO:    Clerk
       Superior Court of New Jersey
       Hughes Justice Complex
       25 West Market Street
       P.O. Box 971
       Trenton, New Jersey 08625

WHEREAS, on October 16, 2010 an Amended Final Judgment ("Judgment") was

entered in the above-captioned action in favor of Norbert J. Walsh and against Donna Walsh,

individually and as the executor of the Estate of Francis J. Walsh, Jr.; Patricia Wisniewski;

1

Raymond Wisniewski; National Retail Systems, Inc. and its subsidiaries, including National Retail Transportation; Keystone Freight Corp. and its divisions; Mystic Island, Inc.; Ogden Realty Company; Ogden Realty II; Ground Transportation Services, Inc.; 2820 16th Street Associates, LLC; Walfam Property Associates, LLC; PDR, Inc.; Global Transportation, Inc.; Combined Plan, Inc.; NJW Leasing, Inc.; Trucking with Bradlees, Inc.; Contract Movers, Inc.; Walfam Realty Corporation; World Logistics, Inc.; 10100 Sandmeyer Lane, LLC; Bradley's Express, Inc.; Cinnaminson Terminal, LLC; Coast to Coast, LLC; Coast to Coast Manpower, LLC; Coast to Coast Manpower, Inc.; Equity Transportation, Inc.; FNP Corporation; Mass Freight Movers, Inc.; Nelson Dist. Corp.; Store Services, Inc.; United Fund Leasing; Walsh Trucking Co., Inc.; National Retail Consolidators; National Retail Transportation; National Retail Trucking; Precision Works; Ground Transportation, Inc.; 20 Aquarium Drive, LLC; Savannah Terminal Property, LLC; et al. in the Superior Court of New Jersey in the amount of $33,024,704.41 (as of June 30, 2010), plus interest, which judgment is duly recorded or docketed in the Judgment Book of the Superior Court of New Jersey under docket number J-274995-10; and

WHEREAS, Norbert J. Walsh has received partial satisfaction for the same, therefore, you are hereby directed and authorized to enter this acknowledgment of satisfaction on the record of the said Judgment with respect to real property owned by judgment debtor Ogden Realty Company, identified as Block 6003 (f/k/a Block 329), Lot 2 (f/k/a 22); Block 6003 (f/k/a Block 329), Lot 3 (f/k/a 23); Block 6003 (f/k/a Block 329), Lot 4 (f/k/a B.1); Block 6004 (f/k/a Block 366), Lot 1 (f/k/a A.1); Block 6004 (f/k/a Block 366), Lot 2 (f/k/a A.2); and Block 6005 (f/k/a Block 367), Lot 13 (f/k/a A.2) on the Tax Map of the City of Jersey City, Hudson County, State of New Jersey, and for your so doing this shall be your sufficient warrant and discharge in

that behalf. This Warrant to Release Property from Judgment Lien does not serve as a Warrant to Satisfy Judgment or as a Satisfaction of Judgment. The Judgment remains in full force and effect for all legal purposes, except as expressly provided for herein.

HILL WALLACK, LLP
Attorneys for Norbert J. Walsh

By: _____
Eric I. Abraham

Dated: 6/25/13

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Eric I. Abraham, Esq.

Dated: 6/25/13

754782.1

3

# POWER OF ATTORNEY TO CONVEY REAL ESTATE

Dated: ____July 3, 2013,___ ~~2012~~

      KNOW ALL PERSONS BY THESE PRESENTS, that I, Donna Walsh and Patricia Wisniewski, Partners of Ogden Realty Co., a New Jersey Partnership, with offices located at 611 U.S. Highway 46 West, Hasbrouck Heights, NJ 07604, hereby constitute and appoint Paul Hennessy, Chief Financial Officer of Ogden Realty Co., with offices located at 611 U.S. Highway 46 West, Hasbrouck Heights, NJ 07604,, my lawful Attorney-In-Fact, with full power and authority for me in my name, place and stead, or on my behalf, from time to time, to do and execute any and all of the following acts, deeds, instruments and things, as fully as I might do if personally present:

      1.    TO SELL, CONVEY AND TRANSFER fee simple ownership of the following identified real property:

Identified on the Tax Map of Jersey City, NJ as follows:

- Block 6003, Lot 2 (f/k/a Block 329, Lot 22) – 296 Coles Street;
- Block 6003, Lot 3 (f/k/a Block 329, lot 23) – 298 Coles Street;
- Block 6003, Lot 4 (f/k/a Block 329, Lot B1) – 258-282 Sixteenth Street;
- Block 6004, Lot 2 (f/k/a Block 366, lot A2) – 289 Coles Street;
- Block 6005, Lots 13 and 7 (f/k/a Block 367, Lot A2) – 305 Coles Street; and
- Block 6004, Lot 1 (f/k/a Block 366, Lot A1) – 311 Seventeenth Street

      2.    TO DEAL WITH the aforementioned real property or the proceeds therefrom as fully and completely as we could do, including by way of example and not by way of limitation:

      (a)    to make, execute and deliver any and all contracts, deeds, affidavits of title, uniform settlement statements, title closing statements (including mortgage closing statements), receipts, releases or discharges, assurances, affidavits, certifications, warranties, orders, and any and all other written instruments in our name which may be necessary, expedient or desirable in our attorney-in-fact's sole discretion in connection with the foregoing powers and the sale, conveyance, and transfer of fee simple ownership of the above-described real property;

      (b)    to ask, demand, collect, recover and receive any and all sums of money which are or may become due and payable with respect to the sale, conveyance, and transfer of fee simple ownership of the above-described real property, and to make, execute and deliver receipts, releases or other discharges and bills therefor;

      (c)    to pay any and all claims, fees and charges due in connection with the transfer of fee simple ownership of the above-described real property, including by way of example but not by way of limitation realtor's fees and commissions, taxes, utility charges, condominium association dues, liens, working capital assessments, and recording fees;

{00851303}

(d)    to do and to execute and perform any other acts that our Attorney-In Fact shall deem necessary, expedient or desirable in his sole discretion to carry out each and every of the foregoing described powers; and

(e)    generally to act for me and to do whatsoever other things that are necessary, expedient or desirable in his sole discretion in all matters affecting the transfer of fee simple ownership of the above-described real property.

**TAKES EFFECT REGARDLESS OF DISABILITY.**    This Power of Attorney is effective now and remains in effect even if I become disabled or incapacitated.

**BY SIGNING BELOW, I** acknowledge that I have received a copy of this Power Of Attorney To Convey Real Estate, and that I understand its terms.

**THIS POWER OF ATTORNEY TO CONVEY REAL ESTATE** is executed in the State of New Jersey, and shall be construed, administered, and governed in accordance with the laws of the State of New Jersey, without regard to principles of conflict of laws.

**IN WITNESS WHEREOF,** I have signed, sealed and delivered this Power Of Attorney To Convey Real Estate as my voluntary act and deed, on the date first above written.

WITNESS:                                   SIGNED, SEALED AND DELIVERED:

_____          _____
Robert J. Machi.                          DONNA WALSH              PARTNER

_____          _____
Robert J. Machi                           PATRICIA WISNIEWSKI      PARTNER

STATE OF NEW JERSEY :
                                   SS:
COUNTY OF ESSEX       :

I CERTIFY that on July 3 , 2013, Donna Walsh and Patricia Wisniewski, Partners of Ogden Realty Co., a New Jersey Partnership, personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a)    was the maker of this instrument; and
(b)    executed this instrument as his or her own act.

_____
ROBERT J. MACHI, ESQ.
ATTORNEY AT LAW, STATE OF NJ

{00851303}

SURVEY AFFIDAVIT

STATE OF NEW JERSEY        )
                           )
COUNTY OF $\mathcal{E}_{s,\prec \times}$        )

      Paul Hennessy, of full age, being duly sworn according to law, upon his/her oath, deposes and says:

      1. I am executing this Affidavit on behalf of Ogden Realty Co., the owner of premises located in Jersey City, NJ and described on Exhibit A hereto (the "Property").

      2. I have examined the attached survey of the Property dated October 4, 2005, last updated November 3, 2006, prepared by Dresdner Robin.

      3. The statements contained in this Affidavit are to the best of my knowledge only. Additionally, the statements contained in this Affidavit are subject to (a) all matters of record, and (b) all matters shown in the commitment for title insurance issued by Trans-County Title Company dated March 15, 2003 and updated to the date hereof (Title No. TC-72266).

      4. There are no changes in the on-the-ground conditions of the Property since the date of the survey, except as follows: None.

      5. This affidavit is made to induce Trans-County Tile Company to issue a policy of title insurance covering the above described Property and in substitution of a current survey.

Subscribed and sworn to
before me this 3rd day
of July, 2013.

Robert J. Machi
Attorney at Law of the
State of New Jersey

## RELEASE

For good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, The Hoboken Brownstone Company, its heirs, successors, predecessors, and assigns (collectively the "Company") hereby irrevocably and forever unconditionally release, remit, acquit, waive and discharge Ogden Realty Company, a New Jersey General Partnership, and Texas Eastern Transmission, LP, a Limited Partnership of the State of Delaware (both entities hereinafter collectively referred to herein as the "Released Companies"), for all causes of action, claims, counterclaims, suits, rights, demands, damages, injunctive or declaratory relief, costs, expenses, accounts, judgments, executions, debts, losses, obligations, rights of contribution or indemnification, attorneys' fees, and any and all other liabilities of any kind or nature or description whatsoever, whether arising at law or in equity, under Federal law, State law, common law or any other law, whether known or unknown, asserted or unasserted, express or implied, foreseen or unforeseen, suspected or unsuspected, which the Company ever had, presently has, may have, or claim or assert to have, against the Released Companies from the beginning of time until the date of this Agreement in respect of the condemnation award, or settlement in lieu of condemnation award, arising out of the permanent and temporary condemnation by Texas Eastern Transmission, LP., of certain real property located in the City of Jersey City, New Jersey, as specifically referenced in the matter of Texas Eastern Transmission L.P. v. 1.73 Acres of Land, More or Less, et.al. Docket No. 12-3412-SRC, including, but not limited to, Block 6005, Lots 7 and 13 on the Tax Map of the City of Jersey City.

This Release is intended to be construed to release any and all such claims and rights in respect of such condemnation award, or settlement in lieu of condemnation award, arising on or before the date of execution of this document to the fullest extent permitted by law.

The Hoboken Brownstone Company

By: _____          $JUY$ 3 2013

Daniel Gans,                                  Date
Chief Executive Officer

*Charles Jones*

## 1099 Reporting Service
*Provided by Signature Information Solutions LLC*

P.O. Box 8488, Trenton, NJ 08650-0488
609.538.1000 • 800.792.8888 • Fax: 866.235.6274
www.signatureinfo.com

# 1099-S Reporting Form

Section 6045(e) of the Internal Revenue Code, as amended by the Tax Reform Act of 1986, requires that information regarding certain real estate transactions be reported to the Internal Revenue Service. You are required to provide the closing agent with your correct taxpayer identification number. If you fail to furnish the required information and your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law.

(PLEASE PRINT OR TYPE)     [ ] CORRECTED FORM

**SELLER INFORMATION:**

Taxpayer ID Number: 22 - 2204130     Type of Taxpayer ID Number: [ ] Social Security Number
[ ✓ ] Employer ID Number

Seller Name Line 1: Ogden Realty Co., a New Jersey Partnership

Seller Name Line 2: _____
(cont'd.) Line 2 provided for spouse, trustee or business name of sole proprietorship. Use a separate form to report multiple sellers.

Forwarding Address (as of 1/31 next year): Street: 611 U.S. Highway 46 West

City: Hasbrouch Heights     State: NJ     Zip: 07604

**PROPERTY INFORMATION:**     SEE ADDENDUM ATTACHED HERETO

Brief Property Description:   Block_____ Lot_____   Street Address_____

City_____     State_____   Zip

Contract Sale Price or Gross Proceeds: $ 22,000,000.00     Gross Allocated Proceeds: $ 22,000,000.00
(multiple sellers)

Buyer's Portion of Real Estate Tax (i.e., tax credits received by seller): $ _____

Type of Property:   [ ] Principal Residence   [ ✓ ] Other Real Estate

Closing Date: 7/3/13 ~~6/28/13~~     Exchange of other property or services (as part of consideration): [ ]Yes [ ✓ ]No

**SELLER CERTIFICATION:**
Under penalties of perjury, I certify that the above information is correct and that the number shown on this statement is my correct taxpayer identification number. Furthermore, I understand that this information will be furnished to the Internal Revenue Service.

Date: 7/3/13     Signature: Donna Walsh
(Seller) Please indicate if Power of Attorney or Attorney in Fact

**CLOSING AGENT OR ATTORNEY INFORMATION:**
[all information required by IRS]

|  | CJ Account Number |
|---|---|
| Name | Telephone Number |
| Address | Taxpayer ID Number |
| City     State     Zip | Your Case/File Number |

Charles Jones and Signature Information Solutions are registered trademarks of Signature Information Solutions LLC.
©2011 Signature Information Solutions LLC. All rights reserved.

ADDENDUM TO 1099-S REPORTING FORM OF OGDEN REALTY CO., A NJ PARTNERSHIP

PROPERTY INFORMATION.  THE PROPERTY CONVEYED, ALL SITUATED IN JERSEY CITY, NJ, IS IDENTIFIED AS FOLLOWS:

    a.  311 Seventeenth Street, Jersey City, NJ (Lot 1, Block 6004);
    b.  289 Coles Street, Jersey City, NJ (Lot 2, Block 6004);
    c.  258-282 Sixteenth Street, Jersey City, NJ (Lot 4, Block 6003);
    d.  296 Coles Street, Jersey City, NJ (Lot 2, Block 6003);
    e.  298 Coles Street, Jersey City, NJ (Lot 3, Block 6003); and
    f.  305 Coles Street, Jersey City, NJ (Lot 13, Block 6005).

{00850201}

ASSIGNMENT AND LIMITED LIABILITY COMPANY AGREEMENT
OF
COLES JERSEY DEVELOPMENT CO., LLC
(A New Jersey Limited Liability Company)

This ASSIGNMENT AND LIMITED LIABILITY COMPANY AGREEMENT of Coles Jersey Development Co., LLC (this "Agreement"), effective as of July 2, 2013, is made and entered into by TABLE Jersey LLC, a Delaware limited liability company (the "Member").

1.     **Formation.**   Coles Jersey Development Co., LLC (the "Company") has been formed as a New Jersey limited liability company under and pursuant to the Revised Uniform New Jersey Limited Liability Company Act (the "Act") by the filing of a Certificate of Formation of the Company with the Office of the Treasurer of State of the State of New Jersey on July 1, 2013. The Company hereby confirms that Kevin T. O'Brien was authorized to sign and cause to be filed the Certificate of Formation of the Company with the Office of the Treasurer of the State of New Jersey.

2.     **Name of the Company.**   The name of the  Company shall be Coles Jersey Development Co., LLC, or such other name as may be selected by the Member.  All business of the Company shall be conducted under such name, and title to all property owned by or leased to the Company shall be held in such name.

3.     **Place of Business.**   The principal place of business of the Company shall be located at c/o TABLE Holdings, L.P., 888 Seventh Avenue, 42nd Floor, New York, NY  10019. The principal place of business of the Company may be changed to such other place as from time to time may be selected by the Member.  The initial registered agent for the Company for service of process shall be Kevin T. O'Brien.

4.     **Term.**   The Company's existence is perpetual.

5.     **Purposes.**   The nature of the business and the purposes of the Company are to engage in all lawful acts for which limited liability companies may be formed under the Act, including, without limitation, owning, acquiring, financing, selling, and otherwise operating that certain real property more particularly described on Schedule 1 (the "Property").

6.     **Sole Member.**   TABLE Jersey LLC shall be the sole member of the Company. Each of George Vallone and Daniel Gans hereby represent and warrant that they caused the formation of the Company and that no other person or entity has any ownership or beneficial interest of any kind (economic or otherwise) in the Company.  Each of George Vallone and Daniel Gans and hereby assigns all of their right, title and interest in the Company to the Member.

7.     **Contributions.**   The Member shall make an initial contribution to the capital of the Company in the amount of $10.  Without creating any rights in favor of any third party, the Member may, from time to time, make additional contributions of cash or property to the capital of the Company, but shall have no obligation to do so.

8.    **Distributions.**  The Member shall be entitled to receive all distributions (including, without limitation, liquidating distributions) made by the Company, and to enjoy all other rights, benefits and interests in the Company.  All profits and losses and items of income, gain, expense, loss, deduction or credit for federal, state and local income tax purposes shall be allocated to the Member.

9.    **Management.**  The management of the Company shall be vested in the Member. The powers of the Company shall be exercised by or under the authority of, and the business and affairs of the Company shall be managed under the direction of, the Member.  The Member shall have the power to do any and all acts necessary, convenient or incidental to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members of a limited liability company under the laws of the State of New Jersey.   The Member has the authority to bind the Company.

10.    **Officers.**  The Member may from time to time engage or designate one or more persons to act as officers of the Company, or otherwise to manage or conduct the Company's affairs, who shall have such management powers and responsibilities as the Member shall designate and determine in the Member's sole and absolute discretion, and may designate such persons as "President," "Vice-President," "Secretary" or "Treasurer" or similar titles as customarily applicable with respect to their assigned duties.  Persons hired, employed or designated as such executive officers shall have the power, duties and responsibilities customarily attaching to their titular positions, or as otherwise specified or directed by the Member.  Any officer of the Company may be removed at any time, with or without cause, by the Member in its sole discretion.

11.    **Authorized Persons.**  The Member may from time to time engage or designate one or more persons to act as "Authorized Persons" with the power to execute and deliver on behalf of the Company such documents and agreements as may be approved by the Member (which, upon approval of the Member, shall be binding on the Company).  Other than as set forth in this Section 11, no Authorized Person shall have any power or authority to manage or otherwise conduct the Company's affairs or have any rights of any kind with respect to the Company (economic or otherwise).  Any "Authorized Signatory" may be removed at any time, with or without cause, by the Member in its sole discretion.  The Member hereby appoints George Vallone and Daniel Gans as "Authorized Persons" to execute and deliver, on behalf of the Company, all documents necessary, in the sole discretion of Member, to complete the acquisition of the Property by the Company.

12.    **Liability.**  Except to the extent required by the Act or other applicable law or as expressly provided in this Agreement, the debts, obligations and liabilities of the Company whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company and the Member shall not have any personal liability for any such debt, obligation or liability of the Company solely by reason of being a Member.  The failure of the Company to observe any formalities or requirements relating to the exercise of its powers or management of its business or affairs under this Agreement or the Act shall not be grounds for imposing personal liability on the Member for liabilities of the Company.

13.    **Dissolution.**  Subject to the terms of the Certificate of Formation of the Company, the Company shall dissolve and its affairs shall be wound up at such time, if any, as the Member

may elect in writing. The bankruptcy of the Member will not cause the Member to cease to be a member of the Company and upon the occurrence of such an event, the business of the Company shall continue without dissolution.

14.     **Liquidation.** Following the dissolution of the Company in accordance with Section 13 above, the Company's business shall be wound up and the Company liquidated, in an orderly manner designed to preserve or realize the fair value of the Company's assets. The proceeds of the liquidation shall be distributed in the following manner:

(a)     first, to the payments of the expenses of liquidation;

(b)     second, to pay the debts and obligations of the Company, including debts owing to the Member or affiliates of the Member;

(c)     third, to the establishment of any reserve which the Member shall deem reasonably necessary for contingent or unforeseen liabilities; and

(d)     finally, to the Member.

At the election of the Member, the Company's assets may be distributed, in whole or in part, in lieu of being sold in order to make a distribution of sales proceeds.

15.     **Governing Law.** This Agreement is governed by and shall be construed in accordance with the laws of the State of New Jersey.

16.     **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument. The submission of a manually executed signature page transmitted by facsimile (or similar electronic transmission facility including by PDF) shall be considered as an "original" signature page for purposes of this Agreement.

16.  . **Amendments.**    This Agreement may not be modified, altered, supplemented or amended except pursuant to a written agreement executed and delivered by the Member.

*[The Remainder of this Page is Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Assignment and Limited Liability Company Agreement as of the date first written above.

MEMBER:

TABLE JERSEY LLC,
a Delaware limited liability company

By:    TABLE Holdings, L.P.,
        a Delaware limited partnership,
        its sole member

        By:    TABLE Holdings GP, LLC,
                a Delaware limited liability company,
                its general partner

                By:    _____
                            Name: William Ackman
                            Title: Managing Member

Acknowledged and agreed:

_____
George Vallone

_____
Daniel Gans

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Assignment and Limited Liability Company Agreement as of the date first written above.

MEMBER:

TABLE JERSEY LLC,
a Delaware limited liability company

By:   TABLE Holdings, L.P.,
      a Delaware limited partnership,
      its sole member

      By:   TABLE Holdings GP, LLC,
          a Delaware limited liability company,
          its general partner

          By:   _____
              Name: William Ackman
              Title: Managing Member

Acknowledged and agreed:

_____
George Vallone

*Daniel Gans*
Daniel Gans

Schedule 1

Property

     As used in this Agreement, the term "Property" means the land, together with any and all buildings and improvements thereon, located in Jersey City, Hudson County, New Jersey that comprises the following street addresses and lots and blocks as shown on the tax map of Jersey City:

    311 Seventeenth Street (Block 366, Lot A.1)
    289 Coles Street (Block 366, Lot A2)
    258-282 Sixteenth Street (Block 329, Lot B.1)
    296 Coles Street (Block 329, Lot 22)
    298 Coles Street (Block 329, Lots 23 and 24)
    305 Coles Street (Block 367, Lot A2)

Schedule 1

Property

As used in this Agreement, the term "Property" means the land, together with any and all buildings and improvements thereon, located in Jersey City, Hudson County, New Jersey that comprises the following street addresses and lots and blocks as shown on the tax map of Jersey City:

311 Seventeenth Street (Block 366, Lot A.1)
289 Coles Street (Block 366, Lot A2)
258-282 Sixteenth Street (Block 329, Lot B.1)
296 Coles Street (Block 329, Lot 22)
298 Coles Street (Block 329, Lots 23 and 24)
305 Coles Street (Block 367, Lot A2)

07/01/2013 MON 15:11  FAX  *** NJ DOR - Filings                                    002/002

LLC

FILED

JUL - 1 2013

STATE TREASURER

20240108

## CERTIFICATE OF FORMATION
## OF
## COLES JERSEY DEVELOPMENT CO., LLC

To:     Division of Revenue
        State of New Jersey

THE UNDERSIGNED, for the purpose of forming a limited liability company pursuant to
the provisions of Title 42 of the New Jersey Statutes, hereby executes the following
Certificate of Formation:

> FIRST: The name of the limited liability company is **Coles Jersey Development
> Co., LLC.**

> SECOND: The company has one or more members.

> THIRD: The address of the limited liability company's initial registered office is
> Norris, McLaughlin & Marcus, 721 Route 202-206, Suite 200, Bridgewater, NJ
> 08807, and the company's initial registered agent at such address is Kevin T.
> O'Brien.

> FOURTH: The duration of the company shall be perpetual.

> FIFTH: This Certificate shall be effective upon the date of filing.

IN WITNESS WHEREOF, the undersigned, an authorized person over the age of

eighteen, has signed this Certificate of Formation on July 1, 2013.

2594843
4638178
4638179

_____
Kevin T. O'Brien

*STATE OF NEW JERSEY*
*DEPARTMENT OF TREASURY*
*FILING CERTIFICATION (CERTIFIED COPY)*

COLES JERSEY DEVELOPMENT CO., LLC
0600401068

*I, the Treasurer of the State of New Jersey,*
*do hereby certify, that the above named business*
*did file and record in this department a*
*Certificate of Formation on July 1st, 2013*
*and that the attached is a true copy of this*
*document as the same is taken from and compared*
*with the original(s) filed in this office and now*
*remaining on file and of record.*



*Certificate Number:   12B860296*
*Verify this certificate online at*
*https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp*

*IN TESTIMONY WHEREOF, I have*
*hereunto set my hand and affixed*
*my Official Seal at Trenton, this*
*2nd day of July, 2013*

*Andrew P Sidamon-Eristoff*
*State Treasurer*

*Page 1 of 1.*